In the Matter of RESYN
CORPORATION.

RESYN CORPORATION

v.

UNITED STATES of America, Appellant.

No. 91–5205.

United States Court of Appeals,
Third Circuit.

Argued Sept. 4, 1991.

Decided Oct. 7, 1991.

Shirley D. Peterson, Asst. Atty. Gen., Gary R. Allen, Chief, Appellate Section, Gary D. Gray, and Teresa T. Milton (argued), Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant (Michael Chertoff, U.S. Atty., D.N.J., Newark, N.J., of counsel).

Herbert L. Zuckerman (argued) and Robert J. Alter, Sills, Cummis, Zuckerman, Radin, Tischman, Epstein & Gross, Newark, N.J., for appellee.

Before STAPLETON, GREENBERG and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

When this case was before us previously, *Resyn Corp. v. United States*, 851 F.2d 660 (3d Cir.1988) (hereinafter *"Resyn I"*), we reversed that portion of the district court's judgment that denied the Internal Revenue Service's claim for post-petition interest on fraud penalties of the debtor, Resyn Corporation. We remanded the cause to the district court to determine "whether, and when, notice and demand were given" under the provisions of 26 U.S.C. § 6303(a). 851 F.2d at 669. This appeal by the IRS requires us to consider whether the eighth amended proof of claim filed by the IRS against Resyn in the bankruptcy court on September 19, 1975, constituted sufficient notice and demand under section 6303(a) so as to commence the accrual of post-petition interest on certain fraud penalties assessed against Resyn.

We conclude that the filing of the proof of claim did not satisfy the notice requirements of section 6303(a) and will affirm the district court's judgment of January 17, 1991 on that basis. To the extent that the district court's order suggests, however, that the IRS is not entitled to any interest at all on the penalties, we make clear that the IRS is entitled to nondiscretionary post-judgment interest on the entire bankruptcy court judgment, including the fraud penalties, from the date of entry of the judgment on December 9, 1981.

Jurisdiction was proper in the district court based on 28 U.S.C. § 158(a). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. The appeal was timely filed under Rule 4(a), F.R.A.P.

We enjoy plenary review over questions of law. *Goldberg v. New Jersey Lawyers' Fund for Client Protection*, 932 F.2d 273, 277 (3d Cir.1991). Findings of fact are reviewed for clear error. *Id.*

### I.

Resyn Corporation was incorporated in 1953 to purchase, manufacture and sell resins and other chemicals and oils used in paint manufacturing. On September 3, 1970, it filed a bankruptcy petition under Chapter 11 of the Bankruptcy Act. During the course of the bankruptcy proceedings, the IRS filed several proofs of claim, including "Amendment No. 8" in the amount of $2,376,726.43, which represented unpaid corporate taxes, interest and penalties for the tax years 1963 through 1970, inclusive.

On June 10, 1977, Resyn and the IRS agreed that Resyn would pay taxes in a certain amount, exclusive of penalties, for the years 1968 through 1970. The agreement also provided that Resyn would make a deposit against the remaining claims for the years 1963 through 1967, and that the claims for taxes and assessed penalties for the years 1963 through 1970 would be limited to a certain amount. Resyn reserved

its right, however, to contest both the claim for taxes for the years 1963 through 1967 and the imposition of assessed penalties for the years 1963 through 1970. The bankruptcy court subsequently approved a plan of reorganization, and all creditors' claims were paid except those of the IRS.

In February 1981, Resyn commenced an adversary proceeding seeking a judicial determination that the IRS was not entitled to recover the tax deficiencies and fraud penalties for the years 1963 through 1970. On December 9, 1981, the bankruptcy court entered judgment in favor of the IRS. The district court subsequently affirmed most of the bankruptcy court's judgment, but determined that the IRS was not entitled to post-petition interest on fraud penalties from the date of the assessment, notice and demand, to the date of payment. The district court concluded that the critical date of imposition of post-petition fraud penalties was December 9, 1981, the date on which the bankruptcy court entered its judgment.

Both the IRS and Resyn appealed to this court. We essentially affirmed the judgment of the district court, but held that the district court had erred in denying interest on the fraud penalties from the date of notice and demand to the date of payment. After analyzing the relevant tax statutes, we concluded that post-petition interest on fraud penalties should be imposed from the date of assessment, notice and demand, and remanded the case to the district court for the limited purpose of determining "whether, and when, notice and demand were given" by the IRS to Resyn. *Resyn I,* 851 F.2d at 668–69.

On remand, the district court accepted the recommendations of the magistrate judge and held that the IRS had not met its burden of demonstrating that it had issued Resyn a notice and demand for the fraud penalties. D.C.Mem.Op. at 4–5; App. at 8–9. First, the district court determined that the IRS could not rely on a presumption of administrative regularity in proving the issuance of a notice and demand because it had failed to follow the procedures in the Internal Revenue Manual for issuing a no-

tice and demand. *Id.* at 3; App. at 7. Second, the court summarily rejected the IRS' contention that the filing of the eighth amended proof of claim triggered the accrual of interest on the fraud penalties. *Id.* at 1 n. 1; App. at 5 n. 1. The district court declared in its order of January 17, 1991, that "inasmuch as no notice and demand for fraud penalties had been given, interest [is] held not yet to have commenced to run." D.C. Order at 6; App. at 10. This appeal by the IRS followed.

## II.

The IRS does not contest the district court's determination that it failed to send Resyn a formal notice and demand for the fraud penalties. It argues instead that the eighth amended proof of claim should be treated as an effective notice and demand. Resyn responds that under the doctrine of the law of the case, we must reject this argument because the issue of law concerning whether the IRS' amended proof of claim constituted a notice and demand was necessarily or implicitly disposed of in *Resyn I.* Alternatively, Resyn argues that the proof of claim does not qualify as a notice and demand under 26 U.S.C. § 6303(a).

### A.

█ The doctrine of the law of the case dictates that "when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation." *Devex Corp. v. General Motors Corp.,* 857 F.2d 197, 199 (3d Cir.1988) (citing *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 815–816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988)), *cert. denied,* 489 U.S. 1015, 109 S.Ct. 1128, 103 L.Ed.2d 190 (1989). The district court agreed with Resyn that the law of the case doctrine precluded the IRS from arguing on remand that its eighth amended proof of claim constituted an effective notice and demand. The court concluded: "In light of the explicit holding of the Third Circuit in this case, i.e., that interest accrues from the date of the notice and demand, the government's argument

that interest should accrue from September, 1975, when the I.R.S. filed its claim, is frivolous." D.C.Mem.Op. at 1 n. 1; App. at 5 n. 1. We disagree.

█ The focus of our opinion in *Resyn I* was whether the policy and plain language of the relevant tax statutes required the imposition of post-petition interest on fraud penalties from the date of assessment, notice and demand. 851 F.2d at 668. Although we determined that the IRS was entitled to such interest, we declined to decide whether the IRS had issued Resyn an effective notice and demand. We concluded:

> In reversing the district court, however, we are also obliged to remand to that court for a determination as to the date of the notice and demand prescribed by § 6601(e)(2)(A). Although the district court's opinion dated August 19, 1986 may be read as affirming the fact that notice and demand were in fact effected as to Resyn, at oral argument, a substantial question surfaced as to the issuance of such notice and demand. The government agreed that a remand to the district court was indicated in order to clarify the issue as to whether, and when, notice and demand were given.

*Id.* at 669 (citation omitted).

Resyn contends that the IRS would not have agreed to the remand "to clarify the issue as to whether, and when notice and demand were given" if it believed that its eighth amended proof of claim constituted a notice and demand. We must reject this contention, however, because we believe that at the time the IRS requested the remand, it was hoping to maximize its interest entitlement by convincing the district court that it had issued a proper notice and demand for the fraud penalties long before the filing of the eighth amended proof of claim on September 19, 1975. It was not until the magistrate judge concluded on remand that the IRS had failed to follow the procedures prescribed by the Internal Revenue Manual for the issuance of a notice and demand that the IRS decided to press its argument for interest from a later date, to wit, from the date its proof of claim was filed.

Because *Resyn I* did not reach the issue of "whether" and "when" the IRS had given Resyn notice and demand of the fraud penalties, we conclude that the doctrine of the law of the case does not preclude us from considering the merits of the IRS' argument.

### B.

█ We now consider whether the IRS' eighth amended proof of claim satisfied the notice and demand requirements of 26 U.S.C. § 6303(a). As we discussed in *Resyn I*, the Internal Revenue Code allows the IRS post-petition interest on fraud penalties "only if such assessable penalty ... is not paid within 10 days from the date of notice and demand therefor, and in such case interest shall be imposed only for the period from the date of the notice and demand to the date of payment." 26 U.S.C. § 6601(e)(2)(A); *see Resyn I,* 851 F.2d at 665, 669. Section 6303(a) of the Code provides:

> Notice and Demand for tax
>
> (a) General rule.—Where it is not otherwise provided by this title, the Secretary *shall, as soon as practicable, and within 60 days, after the making of an assessment,* of a tax pursuant to Section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice *shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address.*

26 U.S.C. § 6303(a) (emphasis added); *see United States v. Jersey Shore State Bank,* 781 F.2d 974, 977 (3d Cir.1986), *aff'd,* 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800 (1987). Resyn responds that the proof of claim did not fulfill the requirements of section 6303(a) because it was filed more than 60 days after the assessment of the fraud penalties and was not served on Resyn either by leaving it at Resyn's usual place of business or by mailing it to Resyn's last known address.

The IRS concedes that the proof of claim did not comply with the 60–day limit set forth in section 6303(a), but argues that the time for notice and demand is controlled by 26 C.F.R. § 301.6303–1(a), which provides that a failure to give notice and demand within 60 days does not invalidate an otherwise proper notice and demand. Resyn asks that we not enforce this Treasury regulation because it conflicts with a statutory provision. It is not necessary, however, for us to reconcile this regulation with section 6303(a) because the IRS' proof of claim clearly did not satisfy section 6303(a)'s second requirement.

█ We have stated that "where Congress in plain language has expressed its intention, and the legislative history does not demonstrate a contrary purpose, we are bound to follow the statutory provision[ ] as written." *Glenn Elec. Co. Inc. v. Donovan*, 755 F.2d 1028, 1032 (3d Cir.1985) (per curiam); *see also Philadelphia & Reading Corp. v. United States*, 944 F.2d 1063, 1070–71 (3d Cir.1991). Section 6303(a) unequivocally states that notice and demand for unpaid tax "shall be left at the dwelling or usual place of business of [the taxpayer], or shall be sent by mail to such person's last known address." The IRS concedes that it did not employ either of these notification methods when it filed its eighth amended proof of claim. Thus, the IRS clearly has not complied with the notice requirements of section 6303(a).

Notwithstanding the plain language of section 6303(a), the IRS relies on the teachings of *In re Fidelity Tube Corp.*, 278 F.2d 776 (3d Cir.) (in banc), *cert. denied*, 364 U.S. 828, 81 S.Ct. 66, 5 L.Ed.2d 56 (1960), *overruled on other grounds by United States v. Speers*, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965), for the proposition that a proof of claim may be treated as a notice and demand for unpaid taxes. Because *In re Fidelity* did not involve an interpretation of section 6303(a), however, we do not find it persuasive.

We held in *In re Fidelity* that the IRS' filing of a proof of claim in bankruptcy constituted a sufficient "demand" giving rise to a lien for taxes under former 26 U.S.C. § 3670 (1952), which provided that " '[i]f any person liable to pay any tax neglects or refuses to pay the same *after demand,* the amount ... shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.' " 278 F.2d at 778 n. 6. Its companion statute, former 26 U.S.C. § 3671 (1952), stated that " '[u]nless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector....' " 278 F.2d at 779. Construing these two statutes, which now are codified at 26 U.S.C. §§ 6321–6322, we determined that

> an inchoate lien seems to arise at the time of the assessment which is perfected by a demand and when the demand is made the lien relates back to the date of the assessment, in the case at bar to a time prior to bankruptcy. Plumb, Federal Tax Collection and Lien Problems (Second Installment), 13 Tax L.Rev. 459, 488 (1958) states: "Furthermore, even if notice and demand have not been made before bankruptcy, they may be made thereafter and will relate back to perfect the lien arising upon the prior assessment."

278 F.2d at 780.

Two factors distinguish *In re Fidelity* from the case before us. First, unlike section 6303(a), the tax lien provision in *In re Fidelity* did not have specific notice requirements. Second, we determined in *In re Fidelity* that section 3670 created an inchoate lien at the time of assessment; the demand simply perfected the already existing lien. Conversely, the IRS' entitlement to post-petition interest under section 6601(e)(2)(A) does not accrue until both notice and demand have been made.

We conclude, therefore, that the IRS has not shown that the filing of its eighth amended proof of claim constituted an effective notice and demand for fraud penalties. The proof of claim did not satisfy the notice requirements of section 6303(a) because it was not left at Resyn's usual place

of business or mailed to Resyn at its last known address.

### III.

■ Alternatively, the IRS argues that it is entitled, at a minimum, to interest on the fraud penalties from December 9, 1981, the date of the bankruptcy court's judgment. We agree.

Although the district court's order of January 17, 1991, did not address the application of post-judgment interest under 28 U.S.C. § 1961, the order suggests that the IRS is not entitled to any interest on the fraud penalties. The order provides that "inasmuch as no notice and demand for fraud penalties had been given, interest [is] held not yet to have commenced to run...." D.C. Order at 6; App. at 10.

Resyn responds that the doctrine of the law of the case should preclude the IRS from rearguing whether or not it is entitled to interest from the date of the bankruptcy judgment. The issue of whether the IRS was entitled to simple post-judgment interest under 28 U.S.C. § 1961, however, was not before us in *Resyn I.* Accordingly, we cannot apply the law of the case doctrine here.

Section 1961 entitles a successful litigant to interest "on any money judgment in a civil case recovered in a district court." It is undisputed that the bankruptcy courts are units of the district courts under 28 U.S.C. § 151. Section 1961, therefore, applies to bankruptcy court judgments. *In re Southern Indus. Banking Corp.,* 87 B.R. 518, 520 (E.D.Tenn.1988); *see St. Paul Fire & Marine Ins. Co. v. Vaughn,* 779 F.2d 1003, 1010 (4th Cir.1985).

At the time the bankruptcy court issued its judgment on December 9, 1981, section 1961 provided that "interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." On October 1, 1982, Congress amended section 1961 to provide for post-judgment interest in civil cases at the federal auction rate, except that in internal revenue tax cases interest is to be calculated at the underpayment or overpayment rate contained in 26 U.S.C. § 6621. The Supreme Court recently considered the ret-roactive effect of the amended version of section 1961 and concluded that it does not apply to judgments entered before its effective date. *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 110 S.Ct. 1570, 1577, 108 L.Ed.2d 842 (1990). Thus, we must look to the pre–1982 version of section 1961 to determine whether the IRS is entitled to post-judgment interest on the December 9, 1981 judgment.

The United States Court of Appeals for the Sixth Circuit recently applied the pre–1982 version of section 1961 to a tax judgment entered March 31, 1982, and held that the IRS was entitled to collect interest on delinquent taxes from the date of judgment. *United States v. Bank of Celina,* 823 F.2d 911, 913–14 (6th Cir.1986). The court stated: "Section 1961 was designed to establish the post-judgment interest rate in civil cases; since tax cases are civil cases, we hold that section 1961 is applicable to the facts in this case." *Id.* at 914. The court declared that the "amendment to section 1961 exempting Internal Revenue cases would not have been necessary if post-judgment interest had not been previously calculated under section 1961." *Id.* We are satisfied with and accept the reasoning and conclusion of our sister court of appeals. We conclude, therefore, that the IRS is entitled to post-judgment interest on the entire civil judgment entered December 9, 1981, including that portion reflecting the fraud penalties.

### IV.

We will affirm the district court's judgment of January 17, 1991, denying interest on the fraud penalties from the date of the filing of the proof of claim. To the extent that the district court's order may be interpreted as denying any interest on the fraud penalties, we now make clear that the IRS is entitled to post-judgment interest from December 9, 1981, on the entire bankruptcy court judgment, including that portion reflecting the fraud penalties, and that such interest shall be calculated based on the pre–1982 version of 28 U.S.C. § 1961.