28 F.3d 105
 74 A.F.T.R.2d 94-5194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas J. FAUST, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-16833.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1994.
Decided July 7, 1994.
 
 Before: HUG, SCHROEDER, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas Faust appeals pro se the district court's judgment in favor of the United States after a bench trial in his action challenging the IRS's assessment of penalties and interest for unpaid payroll withholding and FICA taxes of Valley Shipbuilding, Inc. See 26 U.S.C. Sec. 6672(a). We affirm.
 
 I. Jurisdiction
 
 3
 The government argues that there is no appellate jurisdiction. We disagree. The district court entered judgment on August 20, 1992. Faust filed a timely notice on October 16, 1992. See Fed.R.App.P. 4(a) (appeal from judgment in civil case in which United States is a party must be filed within 60 days of entry of judgment in district court). On April 19, 1993, in the belief that he had settled his tax liability with the IRS, Faust filed a motion for voluntary dismissal of his appeal, which this court granted on April 23. On September 27, 1993, after learning that the Justice Department had rejected the settlement, Faust moved the court to reinstate his appeal. The motion was granted by a judge of this court on October 8 and the government's timely motion for reconsideration of the reinstatement order was denied by a motions panel on February 9, 1994.
 
 
 4
 This court has the authority to recall its mandate once issued "to prevent injustice and to protect the integrity of [its] processes." Watson v. Estelle, 886 F.2d 1093, 1093 (9th Cir.1989). When appropriate, we may also reinstate an appeal that has been voluntarily dismissed. See Williams v. Boeing Co., 681 F.2d 615, 616 (9th Cir.1982) (per curiam). We have exercised our authority to recall our mandate and reinstate the voluntarily dismissed appeal in this case; and, upon reconsideration, we decided that we had exercised that authority providently. Therefore, since the appeal was taken from a final district court order and was timely filed in the first instance, we have jurisdiction to resolve it on the merits. 28 U.S.C. Sec. 1291. We will not revisit the issue. See United States v. Soderling, 970 F.2d 529, 532 n. 5 (9th Cir.1992) (per curiam) (Ninth Circuit panel need not address an issue in a case that has already been decided by another panel. The decision is binding upon the second panel.), cert. denied, --- U.S. ----, 113 S.Ct. 2446, 124 L.Ed.2d 663 (1993).
 
 
 5
 II. The Purported Settlement Agreement Was Not an Accord and Satisfaction of Faust's Tax Liability
 
 
 6
 A valid settlement of the district court's judgment, once paid, would have completely and irrevocably eradicated the effects of Faust's alleged violations of the Internal Revenue Code and rendered his appeal moot. EEOC v. Goodyear Aerospace Corp., 813 F.2d 1539, 1542 (9th Cir.1987) ("An action is moot if the issues are no longer live or the parties lack a legally cognizable interest in the outcome.")' see also County of Los Angeles v. Davis, 440 U.S. 625, 631, 99 S.Ct. 1379, 1383, 59 L.Ed.2d 642 (1979) (an appeal becomes moot when there is no expectation that the alleged violation will recur and interim events have eradicated the effects of the alleged violation). Unfortunately for Faust, he did not reach a settlement with the appropriate government authority. The purported settlement was not valid and this appeal is not moot.
 
 
 7
 This case had been referred to the Department of Justice for defense shortly after Faust brought his civil action in the district court in March of 1988. At that moment, the IRS was divested of its authority to compromise the case. 26 U.S.C. Sec. 7122(a). More than five years later, the director of the IRS's Sacramento collection division plainly lacked authority to compromise the case. Faust's failure to discern that does not change his legal position. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947) ("anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority").
 
 
 8
 One party (Faust) may have agreed to settle this case, but the other (the United States) did not. Neither the Attorney General nor her delegates in charge of this case, who were the only people authorized to settle this case on behalf of the United States, ever agreed to the purported settlement. The settlement was not effective and there was no accord and satisfaction of the district court's judgment. See Milgard Tempering, Inc. v. Selas Corp., 902 F.2d 703, 712 (9th Cir.1990).[1]
 
 
 9
 III. Faust Is Personally Liable for Valley's Unpaid Payroll Withholding and FICA Taxes Under 26 U.S.C. Sec. 6672(a)
 
 
 10
 In order to find liability under section 6672(a), the court had to find that Faust: (1) was a "responsible person" within the meaning of the statute; and (2) acted willfully in failing to collect, truthfully account for, or pay over the withheld taxes. Davis v. United States, 961 F.2d 867, 869-70 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 969, 122 L.Ed.2d 124 (1993); Maggy v. United States, 560 F.2d 1372, 1374 (9th Cir.1977), cert. denied, 439 U.S. 821, 99 S.Ct. 86, 58 L.Ed.2d 112 (1978).
 
 
 11
 The record supports the district court's determination that both elements were satisfied. Faust's significant stake in and significant control over Valley's business operations were sufficient to support the determination that he was a responsible person. See id. at 1374-75 (defining "responsible person"); United States v. Graham, 309 F.2d 210, 212 (9th Cir.1962) (same); Wilson v. United States, 250 F.2d 312, 316 (9th Cir.1957) (same); see also Dudley v. United States, 428 F.2d 1196, 1201 (9th Cir.1970) (responsible person need have only significant rather than exclusive control); Pacific Nat'l Ins. Co. v. United States, 422 F.2d 26, 30-31 (9th Cir.) (underlying purpose of section 6672 is to cut through the shield of organizational form and impose liability upon those actually responsible for an employer's failure to withhold and pay over the tax), cert. denied, 398 U.S. 937, 90 S.Ct. 1838, 26 L.Ed.2d 269 (1970).
 
 
 12
 The record also supports the determination that his actions and inactions were willful. He knew of the failure to pay over the back taxes and knew of the propensity of the people on the scene at Valley to defer the payment of those taxes. Despite his ability to control the flow of money to Valley he did not make sure that the withholding taxes were paid over before other creditors' bills were discharged. The government did not have to show that his motives were bad or that he intended to defraud it. See Davis, 961 F.2d at 871. Nor does it matter that he was initially unaware of the fact that the taxes were not being paid. Once he discovered that they had not been, it was his duty to use after acquired funds to pay them before he paid other creditors. Id. at 875-76. When he failed to perform that duty, he became liable for the penalty. Id. at 876; see Slodov v. United States, 436 U.S. 238, 245-46, 98 S.Ct. 1778, 1784, 56 L.Ed.2d 251 (1978).
 
 IV. Other Issues
 
 13
 A. Denial of Leave to File an Amended Complaint
 
 
 14
 Leave to amend a complaint should be freely granted by a district court when justice so demands. Fed.R.Civ.P. 15(a); DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). Nonetheless, a district court may deny a motion for leave to amend a complaint when it finds that the amendment constitutes an exercise in futility. Id. To the extent that Faust was motivated by a desire to cite additional legal authority in support of his defenses against liability to the government, he was free to cite whatever legal authority he wanted to cite without amending his complaint. To the extent that he sought to plead a claim against MarAd, he had no right to do so.
 
 
 15
 Faust sought to assert two types of claims against MarAd: contract claims and tax claims. The contract claims essentially allege that MarAd is liable to Faust in the amount of the unpaid taxes because it breached its loan agreement with Faustug. The district court could not have asserted jurisdiction over those claims because they are contract claims against the United States that exceed $10,000. 28 U.S.C. Sec. 1346(a)(2); see 46 U.S.C. Secs. 1601-1610 (MarAd is a United States agency); DSI Corp. v. Secretary of Hous. & Urban Dev., 594 F.2d 177, 180 (9th Cir.1979).
 
 
 16
 The court also could not have asserted jurisdiction over Faust's tax claim against MarAd. Before it can be sued, the United States must waive its sovereign immunity. E.J. Friedman Co., Inc. v. United States, 6 F.3d 1355, 1357 (9th Cir.1993). Under 26 U.S.C. Sec. 3505, the government may collect an employer's unpaid withholding taxes from the employer's lenders under certain circumstances. See Jersey Shore State Bank v. United States, 479 U.S. 442, 448-49, 107 S.Ct. 782, 786, 93 L.Ed.2d 800 (1987). The statute does not, however, provide for a waiver of sovereign immunity in the event that the lender is a United States agency. Without a waiver, the district court had no subject matter jurisdiction over Faust's tax claims. E.J. Friedman, 6 F.3d at 1357. Because the district court could not have asserted jurisdiction over any of Faust's proposed new claims, adding them to his complaint would have been an exercise in futility. The district court did not abuse its discretion.
 
 B. Jury Trial
 
 17
 Faust argues that he was unjustly denied his right to a jury trial under the statute. This issue was not raised before the district court and, therefore will not be considered by this court. See United States v. Reyes, 8 F.3d 1379, 1390 (9th Cir.1993). At any rate, he expressly waived his right to a jury trial.
 
 C. Consideration of Hamilton's Deposition
 
 18
 The district court relied extensively on Leroy Hamilton's deposition transcript to establish many facts that were essential to its findings that Faust was a responsible person who willfully failed to pay Valley's unpaid FICA and withholding taxes. On January 31, 1991, Faust's counsel and the AUSA handling the case stipulated that Hamilton's entire deposition transcript would be admitted into evidence. The stipulation did not limit the purposes for which the court could consider the transcript. The court did not err.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Faust's brief misapprehension that his tax liability had been settled is not the sort of "serious injustice" that merits imposition of the normally unavailable defense of equitable estoppel against the government acting in its sovereign capacity. See Johnson v. Williford, 682 F.2d 868, 871-73 (9th Cir.1982) (government estopped from reincarcerating erroneously paroled prisoner who demonstrated successful reintegration into the community during the first fifteen months after his release)