In re Ronnie Ray LANDRIE, Debtor.

Ronnie Ray Landrie, Plaintiff,

v.

Internal Revenue Service, Defendant.

No. 02–3088.

United States Bankruptcy Court, N.D. Ohio.

April 22, 2003.

Janice A. Quatman, Lima, OH, for Plaintiff.

Gregory White, U.S. Attorney, Toledo, OH, for IRS, Special Procedures.

Elizabeth Lan, U.S. Dept. of Justice, Washington, DC, for United States.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion by the United States of America, on behalf of the Internal Revenue Service, to Dismiss the Plaintiff's Complaint. The basis for the Government's Motion rests upon the assertion that the present dispute, which seeks to discharge certain tax debts, does not create a "case or controversy" as is required for an issue to be justiciable under Article III section 2 of the United States Constitution. The facts underlying this dispute are not in question.

On November 27, 2001, the Plaintiff filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. The instant adversary case was then commenced on March 25, 2002, to determine the dischargeability of federal income tax liabilities assessed against the Plaintiff for the tax years 1992, 1993, and

1994. At the present time, through a combination of payments, credits and abatements, the Government shows no outstanding tax liabilities for these particular years. On April 10, 2002, the Plaintiff was granted a discharge in bankruptcy.

As it pertains to the tax years at issue, the Plaintiff seeks a specific finding of dischargeability. The Government, however, while acknowledging that no tax obligations are presently owing for the years in questions, has refused to accede to such a finding.

## DISCUSSION

■ Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. Thus, this matter is a core proceeding.

The jurisdiction of this Court, as well as all federal courts, is limited by the "case or controversy" requirement of the United States Constitution. *Richardson v. Ramirez*, 418 U.S. 24, 36, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974). With respect to this requirement, the Supreme Court of the United States has stated that:

> [A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.

*Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (internal quotation marks and citations omitted). As support for its position that the instant adversary proceeding does not meet the "case or controversy" requirement of the United States Constitution, the Government argues that "no federal income tax liabilities

assessed against the plaintiff are outstanding for th[e] years" in question. (Doc. No. 7, at pg. 2).

■ One of the primary goals of the Bankruptcy Code is to give a debtor a fresh-start by imposing an injunction upon creditors from collecting, as a personal liability against the debtor, any prepetition debts. *Green v. Welsh*, 956 F.2d 30, 33 (2nd Cir.1992). In line with this purpose, it then logically follows that in a dischargeability proceeding such as this, the "case or controversy" requirement will be met as long as there exists a "debt" to discharge.

■ The Bankruptcy Code defines a "debt" as a "liability on a claim[.]" 11 U.S.C. § 101(12). In turn, a "claim" is defined by the Code as, among other things, a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured[.]" 11 U.S.C. § 101(5)(A). A fair reading of these statutory definitions clearly shows that they are to be interpreted expansively; in the words of the Supreme Court of the United States, these definitions "reflect Congress' broad view of the class of obligations that qualify as a 'claim' giving rise to a 'debt.' " *Cohen v.de la Cruz*, 523 U.S. 213, 218, 118 S.Ct. 1212, 1216, 140 L.Ed.2d 341 (1998) (internal notations omitted).

■ The expansiveness of these definitions, as exhibited by the use of the word "contingent" in the definition of "claim," means that it need only be shown that a debtor may at some point in the future incur a legal liability for an action that transpired prepetition; certainty as to the existence of the obligation is therefore not a prerequisite to the existence of a claim, and therefore by implication the existence of a debt. Thus, any potential source of

liability, no matter how remote, will qualify as a "debt" subject to being administered according to the applicable provisions of the Bankruptcy Code. *In re Jastrem*, 253 F.3d 438, 442 (9th Cir.2001). Based therefore upon the broad nature of a "debt" in bankruptcy, the question in this case does not, as the Government argues, revolve around whether the records of the I.R.S. show that the Plaintiff has no outstanding tax liabilities for the years in question, but instead concerns whether the Plaintiff could still conceivably be assessed a tax liability obligation for the years in question. For the reasons set forth below, the Court answers this question in the affirmative.

In most circumstances, the first step to the establishment of an outstanding tax obligation is for the I.R.S. to make an assessment of a deficiency against the taxpayer. *Boone Trust v. Commissioner*, T.C. Memo 2000–350, 2000 WL 1690284 (Nov. 13, 2000). As a general rule, the assessment must be made within three years of the time a return (including a substitute for return) is filed, the time period of which has presumably expired in this case. *Jersey Shore State Bank v. United States*, 479 U.S. 442, 448, 107 S.Ct. 782, 786, 93 L.Ed.2d 800 (1987). However, an exception to this general rule is provided in the case of fraud. Under such a circumstance, the Internal Revenue Code provides that "in the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, *at any time*," 26 U.S.C. § 6501(c)(1) (emphasis added).

While not suggesting that fraud was involved in this case, the fact remains that the Government, after investing the Plaintiff's financial affairs, did make numerous assessments against the Plaintiff for un-

paid taxes. Thus, given this state of affairs, it would not be entirely out of the realm of possibilities that the Government could, at some point in the future, seeks to investigate the Plaintiff for tax fraud. In fact, given the Government's unequivocal refusal to acknowledge the dischargeability of the tax debts at issue in this case, such a scenario seems to be more than just a remote possibility. Thus, in considering this fact, in conjunction with the broad scope afforded to the definition of claim under § 101(12), it is the judgment of this Court that the Government holds a contingent claim against the Plaintiff's bankruptcy estate. As such, a "case or controversy" exists in this case, thereby entitling the Plaintiff to maintain an action to determine the dischargeability of any potential federal tax obligations for the years 1992, 1993, and 1994.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Defendant, the Internal Revenue Service, to Dismiss, be, and is hereby, DENIED.

It is **FURTHER ORDERED** that this matter be, and is hereby, set for a Trial on Tuesday, June 10, 2003, at 10:00 A.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo.

It is **FURTHER ORDERED** that on, or before Monday, June 2, 2003, the Parties exchange and file with the Court pre-trial memoranda, lists of witnesses, lists of exhibits, and stipulations.

It is **FURTHER ORDERED** that the failure to file any of the above items may result in the Trial being continued, witnesses or exhibits not being introduced

into Trial, or sanctions being imposed by the Court.