**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John A. CHILA, Defendant–Appellant.**

No. 88–3564.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1989.

Lisa S. Odom, Lloyd T. Asbury, Jacksonville, Fla., for defendant-appellant.

Gary R. Allen, William S. Estabrook and Janet A. Bradley, Tax Div., Asst. Attys. Gen., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before RONEY, Chief Judge, HILL, Circuit Judge, and TUTTLE, Senior Circuit Judge.

TUTTLE, Senior Circuit Judge:

This is an appeal from a summary judgment granted in favor of the United States in an action brought against a "responsible person" for a 100 percent penalty provided under Section 6672 of the Internal Revenue Code.[1]

## I. STATEMENT OF THE CASE

On August 11, 1980, the Internal Revenue Service undertook to assess John A. Chila, as a responsible person of Professional Concrete Services, Inc., for the total amount of $39,702.76 pursuant to Section 6672 of the IRC for the third and fourth quarters of 1979. On August 6, 1986, the United States brought suit pursuant to Section 7401 of the Internal Revenue Code seeking to reduce the outstanding federal tax liabilities against him to judgment. Following the filing of respective motions for summary judgment by the United States and taxpayer, the parties stipulated as to the undisputed issues. In such stipulation, Chila made the following concession: "John A. Chila was a person required to collect, truthfully account for, and pay over the federal withholding and Social Security taxes of Professional Concrete Services, Inc. for the third and fourth quarters of 1979."

Moreover, Chila did not contest the amount of such taxes. The stipulation identified three documents as having been furnished by the United States to Chila:

(1) Certificate of Assessments and Payments dated October 29, 1987 relating to John A. Chila.

---

1. Section 6672 states in pertinent part:
 (a) General Rule—Any person required to collect, truthfully account for, and pay over any tax imposed by this Title who willfully fails to collect such tax, or truthfully account for and pay over such tax ... shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over....

(2) Form 23 C, Assessment Certificate, Summary Record of Assessments dated 8/11/80.

(3) Form TY 53, account card.

The taxpayer contended that Chila's liability would depend upon a proper assessment by the IRS and that the alleged assessment was faulty in this case because of the failure of the IRS to comply with the requirements of Section 6203 and the regulations pursuant thereto.[2]

The defendant contends that the government's assessment of the 100 percent penalty in this case is invalid because the government failed to supply the "pertinent parts of the assessment" as required by this regulation.

Chila also attacked the validity of the lawsuit on the ground that he had not received the "notice and demand" provided for under Section 6303(a) of the Code.

The trial court granted the government's motion for summary judgment, holding that the assessment was validly made and that the Section 6303(a) notice requirement does not apply to a situation in which the United States files a civil action, but applies only where the United States proceeds to make the collection through administrative means.

## II. DISCUSSION

### 1. *Validity of Assessment*

 There can be no question but that the documents presented by the United States in support of its assessment clearly met the requirement of the statute that "the summary record (Form 23 C) through [the] supporting records," a Certificate of

Assessments and Payments and the Account Card, provided all the information called for in the statute, *i.e.*, identification of the taxpayer, the character of the liability assessed, the taxable period, and the date and amount of the assessment. These documents equally satisfied the requirements of the regulation 26 C.F.R. § 301.6203–1, which precisely track the language of the statute as to what is to be provided to the taxpayer by way of information. The requirement by the regulation that the government provide "the pertinent parts of the assessment" is satisfied by providing any part of the records of the government that supplies the "pertinent information" that both regulation and statute require. This Court has already decided in a case involving the validity of an assessment that the documents here provided by the government met the requirements of the statute and regulation. In *United States v. Dixon*, 672 F.Supp. 503 (M.D.Ala.1987), subsequently affirmed by a per curiam opinion of this Court, 849 F.2d 1478 (11th Cir.1988), the taxpayer claimed that the absence of a Form 23 C prevented the assessment from being valid. The Court held that by supplying a "Certificate of Assessments and Payments" signed by an IRS officer certifying that it was a true transcript of all the assessments, penalties, interest, and payments on record for the defendant, showing that the defendant was audited and assessed a deficiency and which recorded a "23 C date" was sufficient evidence that 23 C was duly signed on that date. Having decided that the Form 23 C had been duly signed, this Court stated:

2. Section 6203 of the Internal Revenue Code, 26 U.S.C. § 6203, states in relevant part that an assessment

shall be made by recording the liability of the taxpayer in the office of the secretary in accordance with the rules or regulations prescribed by the secretary. Upon request of the taxpayer, the secretary shall furnish the taxpayer a copy of the record of the assessment. Pursuant to this statute, the Secretary of the Treasury promulgated the following regulation, which is found at 26 C.F.R. § 301.6203–1.

The assessment shall be made by an assessment officer signing the summary record of

assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessments.... If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the *pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of liability assessed, the taxable period, if applicable, and the amount assessed.* (Emphasis added.)

Accordingly, this Court accepts the document "Certificate of Assessments and Payments" submitted by the government as presumptive proof of a valid assessment. Given that the defendant has produced *no* evidence to counter this presumption, the Court is satisfied that the government has established that the claimed tax liability was properly assessed against the defendant.

672 F.Supp. at 506.

This Court affirmed the judgment in *Dixon* by an unpublished order which stated: "We affirm the summary judgment for the government for the reasons set forth in the district court's memorandum opinion. *United States v. Dixon*, 672 F.Supp. 503 (M.D.Ala.1987)."

██] The appellant concedes in his brief that the district court judgment in *Dixon* "does stand for the proposition that a Certificate of Assessments and Payments is presumptive proof of a valid assessment." However, appellant suggests that we are not bound by *Dixon* because it was wrongly decided. As noted above, however, this Court affirmed *Dixon* expressly "for the reasons set forth in the district court's memorandum opinion." We, of course, are bound by this precedent.

### 2. *The Notice and Demand*

██ The appellant also attacked the government's position in this action by claiming that he had not received the notice and demand required by Section 6303(a) of the Internal Revenue Code, which provides that: "The secretary or his delegate shall ... within 60 days after the making of an assessment of a tax pursuant to Section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof...." In his answer, Chila denied having received such notice. He did not deny its having been sent. The trial court, without considering whether the notice had actually been given by the IRS, concluded that it was unnecessary for it to decide because the court concluded that the requirement of notice was for the protection of a taxpayer only in case the IRS used the summary administra-

tive remedies to collect the tax that are available to it. The Court held that such notice is not required as a prerequisite to filing a civil action, because the filing of the action allows sufficient time for the taxpayer to consider and pay any tax that is due before any judgment or lien can be made against his property. The Court noted that nothing in the Internal Revenue Code suggests that notice of an assessment and demand for payment is a prerequisite to a collection suit. On the other hand, the provisions of the Code authorizing administrative collections expressly indicate that the giving of notice and demand for payment of an assessment is a prerequisite to such collection methods. For instance, Section 6321 of the Code provides that a lien shall arise if a "person liable to pay a tax neglects or refuses to pay the same *after demand*." (Emphasis supplied.) Also, Section 6331 of the Code authorizes the Internal Revenue Service to collect by levy only where a taxpayer fails to pay a tax "within 10 days *after notice and demand*." (Emphasis supplied.)

There is much authority for the position taken by the IRS with respect to this notice and demand. *See Security Indus. Ins. Co. v. United States*, 830 F.2d 581, 587 (5th Cir.1987) (dictum); *United States v. Berman*, 825 F.2d 1053, 1060 (6th Cir.1987); *Marvel v. United States*, 719 F.2d 1507, 1513–1514 (10th Cir.1983).

We refer particularly to the language of the court's opinion in *Security Indus. Ins. Co. v. United States, supra:*

Thus, absent any legislative history to the contrary, we find that section 6303(a), like its predecessor statute under the 1939 Code, *only requires notice to those individuals against whom the government can proceed administratively.* As a result, the government's failure to provide [defendant] Jersey Shore [Bank] with a copy of the notice of assessment and demand for payment sent to Pennmount [the taxpayer] does not bar its suit to collect the bank's liability under § 3505. [*U.S. v.*] *Jersey Shore State Bank*, 781 F.2d [974] at 981 [3rd Cir.1986]. (emphasis in original).

830 F.2d 581, 587. Although the Supreme Court affirmed on different grounds *Jersey*

*Shore State Bank v. United States,* 479 U.S. 442, 107 S.Ct. 782, 93 L.Ed.2d 800 (1987), it did not decide the precise issue here before the court. It decided, however, that no notice was required before a suit was filed against a third party lender under Section 3505 of the Code. Nevertheless, we agree with the language of the Court of Appeals for the Fifth Circuit in *Security Indus. Ins. Co., supra,* that: "Language in the Supreme Court's decision certainly re-enforces the view that the lack of notice under Section 6303(a) deprives the government of administrative remedies only." 830 F.2d at 587. As the Fifth Circuit pointed out, the court clearly emphasized the distinction between an employer and the third party lender, saying that an employer should have notice because the government could use its summary administrative methods of collecting the penalty against an employer whereas such methods are not available against a third party lender. The precise language is as follows: "An employer therefore has a far greater need for an assessment notice than third party lenders, who are not subject to summary collection procedures." 479 U.S. at 447, 107 S.Ct. at 785.

We conclude that the trial court correctly interpreted the requirements of Section 6303 as applying only in the case of a summary enforcement procedure.

Moreover, the judgment of the trial court is due to be affirmed on the alternative basis that the proper notice was sent even though such notice may not have been required under Section 6303. The Certificate of Assessment and Payments certified that the first notice and the final notice had been sent on August 11, 1980. Appellant did not deny on the record that the notice was sent. He denied only that he had received it. We hold that since the appellant failed to establish affirmatively that the notice was not sent, it is clear that the government has shown that it was sent, *see Dixon, supra,* at 506, whether required by the statute and regulations or not.

The judgment is AFFIRMED.