Richard BEHREN and Leta Behren, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 90–0768–CIV.

United States District Court, S.D. Florida.

May 30, 1991.

Howard Gordon, Coral Gables, Fla., for plaintiffs.

Mark Stier, Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

MORENO, District Judge.

THIS MATTER is before this Court upon defendant's, United States of America, Motion for Summary Judgment. The Court has considered all pleadings and exhibits, heard oral argument, and is otherwise fully advised in the matters presented by defendant's motion. For the reasons that follow, defendant's motion is DENIED.

### I.

Plaintiffs have sued the United States for a violation of 26 U.S.C. § 7433, the "taxpayer's bill of rights" which authorizes a taxpayer to bring a civil action for damages when an employee of the Internal Revenue Service recklessly or intentionally disregards any provision of the Internal Revenue Code. The plaintiffs have asserted that they owed no tax for the tax year 1974 because the government failed to make a proper assessment and notice was not timely provided. The Behrens therefore contend that defendant United States attempted to use an improper administrative proceeding to collect a "tax" that was not owed.[1]

The government denies any violation under § 7433 and asserts that this Court lacks jurisdiction to the extent that plaintiffs seek a refund of federal income tax. The government claims that this action is barred until the Behrens exhaust their administrative remedies within the IRS pursuant to 26 U.S.C. § 7433(d)(1). Defendant contends that in order to exhaust all of their administrative remedies, plaintiffs are required to pay the disputed tax and then file a claim for refund with the IRS.[2] Only then would plaintiffs be permitted to maintain an action for a tax refund. 26 U.S.C. § 7422.

Defendant moves this Court for summary judgment based on an alleged lack of subject matter jurisdiction over this action to the extent it seeks a refund of income tax, and that plaintiffs have failed to establish the essential elements of their case.

### II.

On July 31, 1984, the United States Tax Court entered a stipulated decision with respect to the federal income tax liabilities of the plaintiffs for the tax years 1974–78. For 1974, the year at issue here, the Tax Court found a deficiency in federal income tax in the amount of $17,022. The deficiency, plus interest, was assessed on November 28, 1984, but did not appear in the master file until April 1989.

On January 15, 1985, the plaintiffs and IRS executed a waiver of restrictions on assessment and collection of deficiency in tax and of acceptance of overassessment. The waiver provided for additional tax with respect to 1979 and 1980 and a refund with respect to 1981. The 1981 refund or overpayment was $3,757. While several notices and demands were made on the plaintiffs for the tax years 1975 through 1979, it is undisputed that no notices regarding the 1974 taxes were sent between November 28, 1984 and May 8, 1989.

On May 8, 1989, notice and demand for the 1974 assessment was sent to the plaintiffs. On September 8, 1989, a Notice of Federal Tax Lien for plaintiffs' 1974 income tax liability was filed in the official tax records of Dade County. On November 6, 1989, the IRS applied an overpayment due the plaintiffs for the 1988 tax year, in the amount of $10,858, to their tax liability for 1974.

The IRS issued a notice of intent to levy with respect to the 1974 income tax liability of plaintiffs on February 23, 1990. The government asserts that as of August 28, 1989, plaintiffs were indebted to the United

---

**1.** Plaintiffs' argument is enigmatic in that seemingly, any taxpayer who sues the government for a tax refund, necessarily contends that the tax is not owed.

**2.** Plaintiffs have not alleged that such claim for refund has been filed.

States for their 1974 income tax liability in the amount of $48,026.68.

### III.

Fed.R.Civ.P. 56 authorizes summary judgment only when:

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, it any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving for summary judgment has the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). In applying this standard, the *Adickes* Court explained that when assessing whether the movant has met this burden, the courts should view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. All reasonable doubts about the facts should be resolved in favor of the non-movant. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608.

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of coming forward with proof of the absence of any genuine issue of material fact, the non-moving party must make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Finally, if the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981). Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec. Supply Co. v. Continental*

*Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir.1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Impossible Electronic Techniques, Inc. v. Wackenhut Protective Systems, Inc.*, 669 F.2d 1026, 1031 (5th Cir.1982).

This Court must ultimately decide whether plaintiffs are entitled to recover the monies allegedly owing to them through this action or whether they must pursue alternative measures through administrative channels. Defendant claims that even if plaintiffs are entitled to maintain this action, they have failed to establish the essential elements of their case. The threshold issue for determination by this Court then is whether assessment, notice and demand of the allegedly outstanding 1974 taxes were timely made. Resolution of this question will provide the parties with guidance as to the proper forum for this dispute. The issue is hotly contested by the parties. The Court must therefore deny defendant's motion.

### IV.

Defendant United States contends that the Behrens' failure to pay the 1974 tax assessment is a prerequisite to an action for tax refund and precludes the plaintiffs from bringing this action.[3] *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958). The Behrens counter that the failure of the IRS to properly assess the tax, and provide notice of the assessment and demand for payment of such assessment bars the IRS from attempting to collect the tax allegedly due and owing by any procedure other than the filing of a civil action for collection of such debt.

26 U.S.C. § 6501(a) mandates that a tax be assessed within three years from the time a return is filed or due to be filed, whichever is later. Certain circumstances, not present here, will act to extend the normal limitations period. The parties agree that the assessment statute expira-

---

**3.** This fact is undisputed: plaintiffs have not actually paid their entire 1974 tax liability, nor alleged that they have paid such liability.

tion date was November 28, 1984. The collection time period is controlled by 26 U.S.C. § 6502, which provides for a six year collection period after the proper assessment of a tax.

In order to collect a tax by administrative means under § 6502, the IRS is required to assess a tax on its records and provide a notice of that assessment. Defendant has submitted substantial documentation which it claims supports its contention that it properly assessed the 1974 tax. Defendant asserts that the certificate of assessments and payments contained in the record before this Court establishes the presumptive correctness and making of the assessment.

Plaintiffs maintain that the IRS records regarding the assessment and notice are rebuttable under *United States v. Berman*, 825 F.2d 1053 (6th Cir.1987). The Behrens claim that the records contain numerous inconsistencies which controvert defendant's position. Such factual discrepancies include, *inter alia*, the assertions that the challenged assessment was entered into the government system in Atlanta in November, 1984, and not posted to the master file in West Virginia, until April, 1989, and that the Tax Module indicates that the first notice was sent to the plaintiffs during April, 1984, which was prior to time the government made the alleged assessment.

The Court must also consider whether notice must be given within 60 days under 26 U.S.C. § 6303. In *United States v. Chila*, 871 F.2d 1015 (11th Cir.1989), *cert. denied Chila v. United States*, — U.S. —, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989), the Court held that unless proper notice under § 6303 is given, the only collection procedure available to the government is to reduce an assessment to a judgment.

The United States relies on Treas.Reg. § 301.6303–1(a), in countering that failure to provide notice within 60 days does not invalidate the notice. The government contends that plaintiffs are liable for the 1974 taxes and it could properly bring an action at any time to collect the tax within ten years of the assessment under 26 U.S.C. § 6502(a)(1).

The Court is not persuaded by defendant's contentions. Treas.Reg. § 301.6303–1(a), insofar as it directly controverts statutory and case authority, is without any precedential value in the instant action. Under *Chila*, it is clear that without proper assessment and notice, the government must file a civil suit to obtain a judgment. The Court declines at this time to determine whether there was a proper assessment and notice provided.

WHEREFORE, this Court finds that there are genuine issues of fact in dispute and denies defendant's motion.

DONE AND ORDERED.