940 F.2d 1539
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Howard P. EGBERT, Defendant-Appellant.
 No. 91-8004.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The United States commenced this action to reduce its outstanding federal income tax assessments against Mr. Egbert to judgment. Mr. Egbert filed what amounted to a general denial. Both parties moved for summary judgment and the trial court entered summary judgment for Plaintiff. Mr. Egbert appeals pro se.
 
 
 3
 The significant facts are undisputed. Mr. Egbert failed to file federal income tax returns for the 1978 through 1983 tax years. The IRS sent Mr. Egbert statutory notice of deficiency for the 1978 through 1980 tax years. Mr. Egbert unsuccessfully contested his liability for these deficiencies in the tax court. He then appealed to this court, which affirmed the tax court and ruled the appeal frivolous (No. 84-1248, Order & Judgment filed Feb. 28, 1985). The IRS then sent notice of deficiency for the 1981 through 1983 tax years. Mr. Egbert failed to file any petition with the tax court. Subsequently, the IRS entered its assessment for these tax years.
 
 
 4
 The Government then filed this civil action to reduce to judgment Mr. Egbert's liabilities for the tax years 1978 through 1983. To support its motion for summary judgment, the Government attached a Certificate of Assessments and Payments (Form 4340) for the 1978 through 1983 tax years. Mr. Egbert filed no evidentiary materials in opposition and instead argued the Certificate was not proof of any procedurally valid assessment and was inadmissible. Mr. Egbert also charged the Government failed to give him proper notice of the assessments pursuant to Sec. 6303(a) of the Internal Revenue Code and therefore this action was precluded.
 
 
 5
 The trial court ruled the Certificate was presumptive proof that valid assessments were made for the tax years at issue and held the tax court's decision res judicata for the 1978 through 1980 tax years. The trial court concluded that as Mr. Egbert had failed to offer any contrary evidence for the 1981 through 1983 tax years, summary judgment should be entered.
 
 
 6
 Mr. Egbert raises two contentions. First, he asserts the trial court erred in applying the doctrine of res judicata and second, he contends the Certificate was not admissible evidence.
 
 
 7
 Concerning the res judicata issue, Mr. Egbert argues the law demands that taxes can be assessed only after the tax court has adjudicated the amounts owing. Mr. Egbert cites to us Sec. 6213 of the Internal Revenue Code, which provides no levy or collection may be made until the decision of the tax court is final. What Mr. Egbert's argument ignores is that the Certificate is presumptive proof, by its own terms, that the required assessments had been made. United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied, 110 S.Ct. 498 (1989.) In a summary judgment context, Mr. Egbert had the evidentiary obligation of showing this Certificate to be factually wrong, thus creating a question of fact for the trial court. In addition, the tax court decision is res judicata to all matters therein decided as well as all matters that could have been decided.
 
 
 8
 Concerning the evidentiary issue, the Certificate is admissible. In Holland v. United States, 209 F.2d 516, 520-21 (10th Cir.1954), this court so held. This panel has no authority to overrule this precedent, which Mr. Egbert argues was erroneously decided.
 
 
 9
 The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3