5 F.3d 542
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Counterclaim Defendant-Appellee,
v.
Helen LISLE, Defendant-Counterclaim Plaintiff-Appellant,
 No. 92-15748.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 13, 1993.*
Decided Aug. 17, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-90-02746-FMS; Fern M. Smith, District Judge, Presiding.
 N.D.Cal.,
 AFFIRMED.
 Before: SNEED, POOLE, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Helen Lisle timely appeals the dismissal of her claim against the United States for wrongful disclosure of tax return information. The district court dismissed Ms. Lisle's claim because of her failure to comply with discovery orders, and, as an alternative basis for dismissal, granted the United States' motion for summary judgment. We affirm on both grounds.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 This case was originally filed by the United States to reduce certain tax assessments against Helen Lisle to judgment and to foreclose its tax liens against certain real property. Ms. Lisle filed a counterclaim alleging that the tax lien against her was invalid because no proper assessment had been made against her and because no notices of assessment and demand for payment had been issued to her. Ms. Lisle alleged that she was thus entitled to damages under 26 U.S.C. Sec. 7431 for unauthorized disclosure of return information. During the pendency of the action, the Fiducial Family Preservation Trust paid Ms. Lisle's tax liability, and the district court dismissed the government's action upon the motion of all parties except Ms. Lisle, and over Ms. Lisle's objection. Ms. Lisle's counterclaim remained.
 
 
 4
 On August 9, 1991, the government noticed Ms. Lisle's deposition for August 20, 1991. Ms. Lisle notified the government that she would not appear. On September 16, 1991, the court issued an order directing both parties to comply with all discovery rules. At a status conference on October 16, 1991, the court ordered Ms. Lisle to submit to a deposition. (See also Order dated October 16, 1991, directing that all discovery relating to Ms. Lisle's counterclaim, including her deposition, be completed by January 16, 1992). The court also advised Ms. Lisle that her contention that she did not have to produce IRS correspondence or to testify about that correspondence because the records were already in possession of the IRS was without merit and that failure to comply with the court's order could result in the dismissal of her case.
 
 
 5
 Despite the court's order, Ms. Lisle again refused to submit to a deposition, causing the government to file a motion to dismiss, or, in the alternative, to compel discovery. The government withdrew its motion when Ms. Lisle finally agreed to be deposed. Ms. Lisle appeared at her deposition on December 13, 1991, however, she failed to produce the documents requested in the deposition notice and refused to answer questions regarding the existence of those documents.
 
 
 6
 The government moved to dismiss Ms. Lisle's counterclaim pursuant to Federal Rule of Civil Procedure 37(d) because of her refusal to provide documents and give testimony at her deposition. The court concluded that because Ms. Lisle eventually attended her deposition, Rule 37(d) did not authorize dismissal. The court determined, however, that dismissal was warranted under Rule 37(b) because Ms. Lisle had failed to comply with the court's order of September 16, 1991 directing her to comply with the discovery rules, and more importantly, had failed to obey the court's order of October 16, 1991 specifically requiring her to comply with the government's request for deposition. The court found that Ms. Lisle violated that order by refusing to answer the government's questions, by failing to produce the requested documents, and by steadfastly objecting to the government's questions on grounds the court had already informed her were meritless.
 
 
 7
 The court noted that before imposing the sanction of dismissal it had to consider " '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1385 (9th Cir.1988) (citations omitted).
 
 
 8
 Considering these factors, the court found that dismissal was warranted because the information Ms. Lisle withheld went to the heart of one of her key contentions: that she was not given notice and demand for payment of the tax on which the April 14, 1989 lien notice was based. The court concluded that in fairness, it could not allow Ms. Lisle to proceed on her claim when she repeatedly refused to cooperate in the government's discovery directly related to that claim.
 
 
 9
 The government also moved for summary judgment dismissing Ms. Lisle's counterclaim on the grounds that there was no unauthorized disclosure in violation of 26 U.S.C. Sec. 7431. The district court granted the motion, concluding that Ms. Lisle had failed to raise a material issue of fact regarding an unauthorized disclosure of return information.
 
 II.
 JURISDICTION AND STANDARDS OF REVIEW
 
 10
 The district court had jurisdiction over the United States' action pursuant to 28 U.S.C. Sec. 1340 and 26 U.S.C. Secs. 7402 and 7403.[1] The district court had jurisdiction over Ms. Lisle's counterclaim pursuant to 28 U.S.C. Sec. 1331. This court has jurisdiction pursuant 28 U.S.C. Sec. 1291.
 
 
 11
 We review the district court's dismissal under Rule 37(b) for abuse of discretion. Toth, 862 F.2d at 1385. Moreover, the court's determination that its orders were disobeyed is entitled to considerable weight. Id. We review de novo the district court's grant of summary judgment. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact, and whether the district court applied the relevant substantive law. Id.
 
 III.
 DISCUSSION
 A. Dismissal Under Rule 37(b)
 
 12
 Rule 37(b) authorizes the dismissal of an action for failure to obey an order to provide or permit discovery. Fed.R.Civ.P. 37(b)(2)(C). The court's order of October 16, 1991 directing Ms. Lisle to submit to a deposition was an order to provide or permit discovery under the Rule. See Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1339 (9th Cir.1985). Moreover, the court specifically informed Ms. Lisle that her contention that she did not have to produce IRS correspondence or testify about the correspondence because the records were already in possession of the IRS was without merit, and that failure to comply with the order could result in dismissal. Ms. Lisle disobeyed the court's order by failing to produce the documents requested in the deposition notice and refusing to answer questions regarding the existence of those documents.
 
 
 13
 As the district court noted, the information Ms. Lisle withheld was material to her claim. The court gave Ms. Lisle warnings and several months to comply with the government's discovery requests. Despite the court's specific warning putting Ms. Lisle on notice that her case might be dismissed if she not did comply with the court's order, Ms. Lisle did not cooperate with discovery, and continued to assert objections that were groundless. The court acted within its discretion in dismissing Ms. Lisle's counterclaim as a discovery sanction under Rule 37(b). Toth, 862 F.2d at 1385.
 
 B. Summary Judgment
 
 14
 "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 15
 Section 7431(a) of the Internal Revenue Code establishes a cause of action and provides damages for the knowing or negligent disclosure of return information in violation of any provision of 26 U.S.C. Sec. 6103.[2] 26 U.S.C. Sec. 7431(a). Accordingly, Ms. Lisle's burden was to demonstrate a violation of Sec. 6103, and that such violation was either knowing or negligent. Ms. Lisle contended that the notice of tax lien dated April 14, 1989 was an unlawful disclosure of her tax return information in violation of Sec. 6103(a), because the assessments set out in the lien were invalid and because no notices of assessment and demand for payment were issued to her. The government denied these contentions and submitted proof on both issues.
 
 1. The Assessments Were Valid
 
 16
 As proof the assessments were properly made, the government submitted certified copies of Ms. Lisle's Individual Master File ("IMF") transcript, the Summary Record of Assessment, and the Certificate of Assessments and Payments (Form 4340) for the tax years to which the notice of tax lien applied. Ms. Lisle produced no contrary evidence. A Certificate of Assessments and Payments is sufficient proof, absent contrary evidence, of a valid assessment. Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992), see also United States v. Zola, 724 F.2d 808, 810 (9th Cir.), cert. denied, 469 U.S. 830 (1984). The Certificate of Assessments and Payments provided by the government proved the validity of the assessments.
 
 
 17
 2. Notices and Demand for Payment Were Issued
 
 
 18
 Ms. Lisle contended that the government failed to give her notice of each assessment and demand for payment. However, at her deposition, she refused to say whether she received notice regarding these matters and refused to produce correspondence she received from the IRS during the relevant time periods.
 
 
 19
 The IMF transcript submitted by the IRS and the Certificate of Assessments and Payments established that notices had been sent to Ms. Lisle. Proof that notices had been sent was sufficient; the government did not have to prove receipt. See United States v. Voorhies, 658 F.2d 710, 713 n. 4 (9th Cir.1981) (actual receipt of notices not statutorily required); see also United States v. Chila, 871 F.2d 1015, 1019 (11th Cir.) (summary judgment proper where Certificate of Assessment indicated notice had been sent, and although taxpayer denied he received notice, he failed to affirmatively show it had not been sent), cert. denied, 493 U.S. 975 (1989). Ms. Lisle failed to submit any contrary evidence indicating that notices had not been sent. Thus, she could not maintain her claim that notices of the assessments and demand for payment were not issued to her.
 
 
 20
 The government provided proof that it did not violate 26 U.S.C. Sec. 7431, and Ms. Lisle failed to raise any genuine issue of material fact in opposition.[3] Accordingly, summary judgment was proper. Celotex, 477 U.S. at 322.
 
 
 21
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We have considered and reject appellant's arguments that the district court did not have subject matter jurisdiction over the United States' action
 
 
 [2]
 Section 6103 "lays down a general rule that 'returns' and 'return information' ... shall be confidential" and prohibits their disclosure except as authorized by the Internal Revenue Code. Church of Scientology v. Internal Revenue Serv., 484 U.S. 9, 10 (1987); 26 U.S.C. Sec. 6103(a)
 
 
 [3]
 We do not reach the issue of whether improperly issued levies may constitute a violation of 26 U.S.C. Sec. 6103