**UNITED STATES of America,**
**Plaintiff,**

v.

**Lula STEVENSON, as Personal Representative of the Estate of Shirley J. Ansley, Deceased, and the Estate of Shirley J. Ansley, Deceased, Defendants.**

No. 3:99–cv–622–J–25TJC.

United States District Court,
M.D. Florida,
Jacksonville Division.

March 5, 2001.

Ralph J. Lee, U.S. Attorney's Office, Jacksonville, FL, Jose Fancisco DeLeon, Bruce T. Russell, U.S. Dept. of Justice, Tax Division, Washington, DC, for Plaintiff.

Noel G. Lawrence, Law Office of Noel G. Lawrence, Jacksonville, FL, for Defendants.

**1372**

## ORDER

ADAMS, District Judge.

This cause is before the Court on Defendants' Motion for Final Summary Judgment (Dkt.9), Plaintiff's Opposition to Defendants' Motion for Summary Judgment and Cross Motion for Summary Judgment (Dkt.11), and Defendants' Response in Opposition to Plaintiff's Cross Motion for Summary Judgment (Dkt.16). Upon consideration, the Court finds as follows:

Plaintiff's (the "Government") complaint seeks a judgment against Lula Stevenson, as Personal Representative of the Estate of Shirley J. Ansley, Deceased, and the Estate of Shirley J. Ansley, Deceased (jointly, "Defendants"), for allegedly unpaid federal income tax liabilities. Defendants seek summary judgment based on Florida Statutes, § 733.702, which Defendants argue bars the Government's claim as untimely. The Government asserts that as the sovereign it is not subject to the limitations period set out in § 733.702. The Government further argues that it is entitled to summary judgment because the amount and the validity of the tax assessment has not been challenged. In response to the Government's motion for summary judgment, Defendants attempt to attack the validity of the Government's tax assessment against Defendants.

### Defendants' Motion for Summary Judgment

■ Defendants move for summary judgment based on Florida Statutes, § 733.702 which sets out a time frame during which claims against a decedent's estate must be presented. Section 733.702 bars any claims made outside the time frame. Defendants argue that § 733.702 bars the Government's claim for unpaid taxes because the Government did not make the claim against the decedent's estate within the applicable time frame. The Government does not argue that it made its claim within the three month time frame set out in § 733.702; instead, it argues that as a sovereign it is not bound by a limitations period created by Florida Statutes.

In *United States v. Summerlin*, 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940), a case involving the application of the predecessor of § 733.702, the Supreme Court held that the United States "is not bound by state statutes if limitations or subject to the defense of laches in enforcing its rights." The Court went on to explain that when the United States asserts a claim in its governmental capacity, it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute of limitations. *Id.* at 417, 60 S.Ct. 1019. Clearly, a claim for unpaid taxes is a claim asserted by the Government in its governmental capacity. Thus, under *Summerlin*, Defendants' motion for summary judgment must be denied.

### Plaintiff's Motion for Summary Judgment

■ The Government seeks summary judgment on its claim and argues that Defendants have not contested the validity of the assessed tax liability. The Government asserts that the tax assessments arose as a result of the reversal of an earned income credit the decedent had claimed improperly in each of two tax years. In support of its motion and in order to establish the amount of the tax assessment, the Government has attached to its motion certified transcripts. The Government asserts that such transcripts are legally sufficient to establish that the Internal Revenue Service has made an

assessment and the amount of the unpaid assessment. In *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir.1989), the Eleventh Circuit held that a Certificate of Assessments and Payments is presumptive proof of a valid assessment. Thus, the Government argues summary judgment is appropriate because there are no issues of material fact.

Defendants argue that the Government has failed to show the validity of the tax assessments or how the Government calculated the assessments. Defendants appear to argue that the tax assessments are invalid. In support of this argument, Defendants have submitted the affidavit of Bland M. Brown in which the affiant states that decedent was the *de facto* foster mother of affiant's children and that affiant gave decedent the right to take her dependency exemption. Thus, it appears that Defendants are asserting that the tax assessments against decedent were improper because decedent was entitled to the earned income tax credits that were reversed by the tax assessments.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reaching a summary judgment decision the court must view the facts in the light most favorable to the non-moving party. *United of Omaha Life Ins. v. Sun Life Ins. Co.*, 894 F.2d 1555, 1558 (11th Cir.1990). However, in order to avoid entry of summary

judgment the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

The record before the Court is very limited. The only issue of fact that Defendants attempt to assert is whether decedent, as a *de facto* foster parent, was entitled to take the earned income tax credits for the children of Bland M. Brown. The evidence the Government has presented, the certified transcripts, is presumptive proof of a valid assessment. Therefore, in order to defeat the Government's motion, Defendants must overcome the presumption of validity of the tax assessment.

■ In order to take an earned income tax credit for a foster child, a taxpayer and the foster child must meet the requirements of 26 U.S.C. § 32(c). Among other things, the Internal Revenue Code ("IRC") requires that (1) the foster child be a brother, sister, stepbrother, or stepsister of the taxpayer or that the foster child be placed with the taxpayer by an authorized placement agency; (2) the taxpayer cares for the foster child as the taxpayer's own child; and (3) the taxpayer and the foster child have the same principal place of abode for the entire taxable year. 26 U.S.C. § 32(c)(3)(B)(iii).[1] Thus, in order to overcome the presumption that the assessment is valid, Defendants must show that a factual issue exists as to whether decedent was entitled to an earned income tax credit for the children of Bland M. Brown. Defendants have not done this.

The information set out in the affidavit of Bland M. Brown is insufficient to overcome the presumption of the validity of the

---

1. In 1999, this section of the Internal Revenue Code was amended. The amendment added the first of the listed requirements. However, this amendment does not affect the Court's analysis.

claim. While the affidavit sets out that decedent was the *de facto* foster parent of affiant's children, it fails to establish that decedent met the requirements under the IRC to receive an earned income tax credit for affiant's children. Specifically, no evidence has been introduced that the decedent cared for said children as her own or that the decedent and said children shared the same principal place of abode for the entire taxable year. Consequently, Defendants have failed to raise any genuine issue of material fact as to the propriety of the tax assessments by the plus interest until paid as provided by the Government.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion for Final Summary Judgment (Dkt.9) is **DENIED.**

2. Plaintiff's Cross Motion for Summary Judgment (Dkt.11) is **GRANTED.**

3. Plaintiff shall submit a proposed order within (10) days of the date of this order that includes the amount of the statutory additions and interest to which it is entitled.

### *JUDGMENT*

This action came before the Court upon the cross motions for summary judgment filed herein by the parties to this action, and the issues having been duly considered, and a decision having been duly rendered, it is hereby

ORDERED and ADJUDGED that the Plaintiff, United States of America, recover of the Defendants, Lula Stevenson, as Personal Representative of the Estate of Shirley J. Ansley, Deceased, and the Estate of Shirley J. Ansley, Deceased, a judgment for unpaid federal income taxes for taxable years 1995 and 1996 in the aggregate sum of $11,753.38 as of March 31, 2001, plus interest until paid as provided by 28 U.S.C. § 1961(c)(1) and 26 U.S.C. § 6621, and costs of this action.