**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Dietrich REMPEL, et al., Defendants.**

**No. A00–0069–CV(HRH).**

United States District Court,
D. Alaska.

Dec. 11, 2001.

Richard L. Pomeroy, U.S. Attorney's Office, Anchorage, AK, Keith S. Blair, U.S. Dept. of Justice, Washington, DC, for U.S.

## *ORDER*

HOLLAND, District Judge.

### *Motion for Summary Judgment*

Plaintiff moves for summary judgment on Counts I and II of its second amended complaint.[1] Defendants oppose the motion.[2] Oral argument has been heard on the matter.

Plaintiff is the United States of America (the Government). Defendants are Dietrich Rempel in his individual capacity and as trustee of Continental Ventures, Mary Rempel, Mark Rempel, Tamera Rempel, and Continental Ventures, a purported business trust organization. The Government brought this action to reduce to judgment various outstanding income taxes assessed against Dietrich Rempel and Mary Rempel, to set aside certain allegedly fraudulent conveyances of six parcels of real property, and to foreclose its tax liens against those six parcels of real property.[3] The instant motion addresses those portions of the Government's second amended complaint (Counts I and II) requesting judgment as to outstanding income taxes assessed against Dietrich Rempel and Mary Rempel.

The following facts are not disputed. Dietrich Rempel and Mary Rempel did not file federal income tax returns, individually or jointly, for the years 1982 through 1991.[4] Subsequently, the Internal Reve-

---

1. Clerk's Docket No. 188.

2. Clerk's Docket No. 191.

3. *See id.*

4. Declaration of IRS agent Nancy Burke at 3, ¶ 7, attached to Motion for Summary Judgment, Clerk's Docket No. 188.

nue Service (IRS) assessed their tax liability for those years.[5] Those assessments include penalties, interest, and other statutory additions.[6] They are recorded on Form 4340 "Certificate[s] of Assessment, Payments, and Other Specified Matters," true and correct copies of which are included in the record.[7]

The Government notified the Rempels of the assessments and demanded payment from them. The Rempels have refused to voluntarily pay that which the Government contends they owe. The Government's proof shows that as of June 1, 2001, Dietrich Rempel owed $1,154,433.67, plus interest and other statutory additions on the assessments made against him, while Mary Rempel owed $1,160,032.40, plus interest and other statutory additions on the amounts assessed against her.[8]

### Discussion

Summary judgment is appropriate where no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of presenting evidence showing the absence of a genuine issue of material fact. *See Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets this burden, the non-moving party must set forth specific facts that demonstrate there is a genuine issue for trial. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505.

If the non-moving party does not set forth specific facts demonstrating a genuine factual issue for trial, the moving party prevails on the motion. Another way of putting this is by stating that once the party seeking summary judgment meets its burden, summary judgment will be granted unless there is significant probative evidence tending to support the non-moving party's argument. *Commodity Futures Trading Com. v. Savage*, 611 F.2d 270, 282 (9th Cir.1979).

 Form 4340 certificates of assessment are official documents which establish that assessments were made and that the assessments made were valid. *See Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir.1993), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2706, 129 L.Ed.2d 834 (1994); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir.1992). Where the same certificates indicate that the IRS sent taxpayers notice of assessment and demand for payment on a certain date, the certificates also establish that notice was indeed sent. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir.1993). The record is replete with Form 4340 certificates, which, in addition to indicating assessment, also indicate dates of notice. Likewise, the parties do not dispute that the Government timely notified the Rempels of these assessments and demands for payment. Thus, the Government has satisfied its statutory duties as to assessment and notification of assessment. *See* 26 U.S.C. §§ 6203 and 6303. This in turn creates a presumption that the Government is entitled to the amounts

**5.** For each of the years in question, the IRS calculated individual tax liability by dividing all of the income received by the Rempels equally between them. Declaration of IRS agent Nancy Burke at 3, ¶ 8, attached to Motion for Summary Judgment, Clerk's Docket No. 188.

**6.** *See id.* at ¶¶ 5 & 6.

**7.** *See* Treasury Form 4340 Certificates of Assessments, Payments, and Other Specified Matters for Dietrich Rempel and Mary Rempel, attached as Exhibits A and B to Motion for Summary Judgment, Clerk's Docket No. 188.

**8.** Declaration of IRS agent Nancy Burke at 3, ¶¶ 5 & 6, attached to Motion for Summary Judgment, Clerk's Docket No. 188.

assessed against the Rempels. *See Hughes,* 953 F.2d at 535 (citing *United States v. Chila,* 871 F.2d 1015, 1017–18 (11th Cir.), *cert. denied,* 493 U.S. 975, 110 S.Ct. 498, 107 L.Ed.2d 501 (1989)).

Defendants do not present facts or evidence refuting the validity of the amounts assessed against them nor evidence refuting proper notice of the assessment and demand for payment. Rather, defendants argue that summary judgment on this matter infringes on their constitutional right to a jury trial and, alternatively, that the Government has not satisfied its burden of proof.

██ The right to a trial by jury is guaranteed by the Seventh Amendment of the Constitution. However, the right to a jury trial does not preclude summary judgment on issues where there is no genuine issue as to material facts. *See* Fed. R.Civ.P. 56. The advisory notes accompanying Rule 56 state that summary judgment "is applicable to all actions . . . ." *Id.,* advisory committee's note. Stated differently, summary judgment does not infringe upon the Seventh Amendment right to a trial by jury. *See In re Financial Securities Litigation,* 609 F.2d 411, 422 n. 34 (9th Cir.1979) (citing *Fidelity & Deposit Co. of Maryland v. United States,* 187 U.S. 315, 319–321, 23 S.Ct. 120, 47 L.Ed. 194 (1902)). The Seventh Amendment of the Constitution does not prevent this court from granting summary judgment on the matter before it.

Defendants present various arguments as to why the Government has not met its burden of proof as to the validity of the taxes assessed against them. For instance, defendants argue that certain abatements found in the Form 4340 certificates show that the assessments are themselves unreliable or erroneous. Defen-

dants also argue that the Government has taxed non-taxable events. Finally, defendants argue that the Government has failed to account for monthly sums collected by them through levy and distraint. Defendants have not supported these arguments with any affidavit or other evidence.

██ As discussed above, the Form 4340 certificates create a presumption of valid tax assessment proper notice. *Huff,* 10 F.3d at 1445. Accordingly, defendants bear the burden of coming forward with evidence which tends to overcome the presumption that the assessments are valid. *Palmer v. IRS,* 116 F.3d 1309, 1311, 1312 (9th Cir.1997). Speaking in summary judgment terms, defendants "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Rather, they must produce specific facts showing there remains a genuine issue for trial and evidence significantly probative as to any material fact claimed to be disputed. *Branson v. Price River Coal Co.,* 853 F.2d 768, 771–72 (10th Cir.1988) (citations omitted).

██ Defendants' argument that certain abatements within the Form 4340 certificates[9] raise a material question as to their overall validity hardly introduces speculative or metaphysical doubt. Abatements are part of the assessments found in the Form 4340 certificates. Moreover, such abatements regularly appear in Form 4340 certificates. *See, e.g., Fulgoni v. United States,* 23 Cl.Ct. 119 (1991). As already stated, these certificates and the assessments therein contained are deemed valid as a matter of law. The inclusion of abate-

---

**9.** *See, e.g.,* abatements listed on the first Form 4340 Certificate, attached as Exhibit A to Mo-

tion for Summary Judgment, Clerk's Docket No. 188.

ments within certificates does not undermine their validity as a matter of law.

In a broader sense, defendants have presented allegations and argument without supporting evidence. Argument and allegation are not a sufficient means to overcome a presumption favoring judgment as a matter of law. Defendants have not overcome the presumption created by the Government. The Government has met is burden by establishing its entitlement to judgment as a matter of law.

 At oral argument, defendants asserted that the court lacks jurisdiction over them and the matter. The argument is frivolous. This is a cause of action brought by the United States Government against defendants to collect taxes due under the Internal Revenue Code pursuant to 26 U.S.C. §§ 7401 and 7403. The court therefore has original jurisdiction over the subject matter as provided by 28 U.S.C. § 1340 ("district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue....") and 28 U.S.C. § 1345 (district courts shall have jurisdiction over any action commenced by the United States). *See also* 26 U.S.C. § 7402 (providing federal district courts with jurisdiction to issue writs, orders, and judgments necessary for the enforcement of internal revenue laws). To the extent defendants argue that the court lacks jurisdiction because they are not subject to the tax laws of the United States, such argument is wholly without merit. The Rempels, as United States citizens, are persons who may be liable for taxes within the meaning of the Internal Revenue Code and are subject to the federal tax laws. *See* 26 U.S.C. § 1; *see also United States v. Nelson (In re Becraft),* 885 F.2d 547, 548 (9th Cir.1989).

*Conclusion*

For the foregoing reasons, the Government's motion for summary judgment as to Counts I and II is granted. Plaintiff is entitled to judgment against Dietrich Rempel in the amount of $1,154,433.67, plus interest from June 1, 2001, and other statutory additions, if any, and judgment against Mary Rempel in the amount of $1,160,032.40, plus interest from June 1, 2001, and statutory additions, if any.