**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EARL JORDAN,

              Plaintiff-counter-defendant -
Appellant,

  v.

UNITED STATES OF AMERICA,

              Defendant-counter-claimant -
Appellee.

No. 08-55080

D.C. No. CV-06-00338-VBF

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted August 31, 2009[**]
Pasadena, California

Before: GOULD and TALLMAN, Circuit Judges, and PANNER,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Owen M. Panner, United States District Judge of the District of Oregon, sitting by designation.

Earl Jordan appeals from a summary judgment entered in favor of the United States in this action under 26 U.S.C. § 6672 seeking penalties relating to unpaid employee withholding taxes. Jordan contends he was not the "responsible person" required to pay the taxes, the assessment was invalid due to procedural errors, and some partial payments were improperly allocated. We affirm.

I.

Despite his titles of founder, President, Director, CEO, and Treasurer of Jordan Pharmaceuticals, Inc. (JPI), Jordan argues he was not the "responsible person" for purposes of § 6672. He contends he lost significant control over the company's finances after JPI entered into a financing arrangement with Andrew Pollet – an attorney, Secretary, Director, and investor with the company.

Jordan, however, authorized much of Pollet's financial control and, by his own admission, managed the day-to-day operations of the business, prepared payroll tax returns, authorized payment of federal tax deposits, signed financing contracts, and determined the company's financial policy. In light of these duties, and the status conferred by Jordan's titles, we conclude there is no factual dispute regarding Jordan's status as a "responsible person" under § 6672. See Purcell v. United States, 1 F.3d 932, 937 (9th Cir. 1993) (holding delegation of financial

-2-

affairs does not alleviate responsibility); Davis v. United States, 961 F.2d 867, 873 (9th Cir. 1992) (noting responsibility is a matter of status, duty, and authority).

## II.

Jordan argues the "jeopardy assessments" against him are invalid because they were not signed by the Chief Counsel pursuant to 26 U.S.C. § 7429(a)(1)(A). We disagree. "[I]n the absence of clear evidence to the contrary, courts presume that [public officers] have properly discharged their official duties." United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926) (citations omitted); accord Palmer v. IRS, 116 F.3d 1309, 1311-12 (9th Cir. 1997). Jordan's bare allegation that the Chief Counsel did not approve the assessments against him does not meet his burden of proof.

We also reject Jordan's argument that he was not properly notified of the factual basis of the assessments pursuant to 26 U.S.C. § 7429(a)(1)(B). We have held that similar notice provisions are "for the protection of the taxpayer only in case the IRS use[s] . . . summary administrative remedies . . . . [S]uch notice is not required as a prerequisite to filing a civil action, because the filing of the action allows sufficient time for the taxpayer to consider and pay any tax that is due before any judgment or lien can be made against his property." Purcell, 1 F.3d at 941 (quoting United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989)).

III.

Jordan argues that partial tax payments by JPI should have been credited as employee withholding taxes. Without specific evidence of a valid designation, however, "the IRS may apply the payment as it sees fit." Davis, 961 F.2d at 878. Here, testimony regarding JPI's general practices and some handwritten notations are insufficient evidence to substantiate Jordan's argument or even to create a triable issue of fact.

**AFFIRMED**.