[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 10, 2011
JOHN LEY
CLERK

No. 10-10765
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cv-00425-GKS-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONDA LEE CHRISTIANSEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 10, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ronda Lee Christiansen appeals the summary judgment in favor of the United States for unpaid taxes and penalties accrued between 1998 and 2001 and an order of foreclosure of her property. Christiansen challenges the jurisdiction of the district court, the validity of the order of foreclosure, and the validity of the tax assessments. We affirm.

Christiansen argues that the district court lacked subject matter jurisdiction, but we disagree. Congress vested in the district courts "jurisdiction of any civil action arising under any Act of Congress providing for internal revenue." 28 U.S.C. § 1340. Christiansen challenges the authority of the district court to evict her, but district courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and "to render such judgments and decrees as may be necessary or appropriate" to complete that sale, id. § 7402(a).

Christiansen makes two other challenges to the proceeding, both of which lack merit. First, Christiansen argues that this civil action was not commenced properly, but the record establishes that the action was approved by the Chief Counsel of the Internal Revenue Service and commenced by the Attorney General, id. §§ 7401, 7403. See United States v. McCallum, 970 F.2d 66, 69 (5th Cir. 1992). Second, Christiansen argues that she lacked notice of her tax liabilities, 26 U.S.C. § 6203, but the record establishes that the Service sent her Certificates of

2

Assessment and Payments for 1998 through 2000, see United States v. Chila, 871 F.2d 1015, 1017–18 (11th Cir. 1989), and Christiansen did not have to be notified that she had to pay the amounts owed based on her 2000 and 2001 tax returns, see 26 U.S.C. § 6201(a)(1).

Christiansen, for the first time on appeal, also argues that the order of foreclosure is invalid for three reasons, but her arguments fail. First, Christiansen argues that the district court was required, under United States v. Rodgers, 461 U.S. 677, 103 S. Ct. 2132 (1983), to evaluate different parties' "possessory interests in the property" before issuing a foreclosure order, but we disagree. The Rodgers Court ruled that district courts, before deciding not to force a sale of property, must consider factors to protect the "paramount interest" of the government "in prompt and certain collection of delinquent taxes," id. at 709–11, 103 S. Ct. at 2151–52. Second, Christiansen argues that the district court could not order her or other occupants to vacate the property before it was sold, but a district court has the authority to sell property "upon such terms and conditions as [it] directs," 28 U.S.C. § 2001(a), and Christiansen lacks standing to complain about any harm to third parties, see CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1270 (11th Cir. 2006). Third, Christiansen argues that the district court violated her right of free speech under the First Amendment by

prohibiting her from adversely affecting the sale of her property, but this issue is moot because the property has been sold and the proceeds have been distributed. See Soliman v. U.S. ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002).

The district court did not err by entering summary judgment in favor of the United States. The undisputed record established that the Service had assessed Christiansen for taxes she owed for 1998 through 2001. See Chila, 871 F.2d at 1017–18. Christiansen argues that the complaint for taxes owed from 1998 and 1999 was barred by the statute of limitation, but the "[e]xpiration of a statute of limitations is an affirmative defense that must be pleaded," Davenport Recycling Assocs. v. Comm'r, 220 F.3d 1255, 1260 (11th Cir. 2000). Christiansen waived this defense by failing to plead it.

We **AFFIRM** the summary judgment in favor of the United States.