983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jeff ANGEL, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 91-2002.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 13, 1992.*
Decided Dec. 11, 1992.
 
 Before COFFEY and EASTERBROOK, Circuit Judges, and WOOD, JR., Senior Circuit Judge.
 
 ORDER
 
 1
 Jeff Angel brought an action against the United States, claiming that the Internal Revenue Service ("IRS") erroneously assessed his federal taxes and illegally placed a levy on Angel's property. The district court, finding no waiver of sovereign immunity, dismissed Angel's claims for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Angel argues on appeal that dismissal was improper because the United States waived sovereign immunity under two federal statutes: 28 U.S.C. § 2463 and 28 U.S.C. § 2410. He did not make allegations relating to his claim under § 2463 in his complaint. Angel could have requested permission to amend his complaint, but he never did. Fed.R.Civ.P. 15(a). Instead, Angel argued that he had a claim under § 2463 in response to the government's motion to dismiss. A complaint may not be amended by a brief in opposition to a motion to dismiss. Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1985). In considering whether to dismiss the case, the district court was only required to address the claims presented in the complaint. See Pritchard v. Rainfair, Inc., 945 F.2d 185, 191 (7th Cir.1991). His complaint did not contain the allegations which would comprise a claim under § 2463.
 
 
 3
 We do not suggest that the claim under § 2463 would have survived dismissal if he had properly amended his complaint. Angel's claim of waiver under § 2463 was without merit. A taxpayer cannot rely on § 2463 to contest the right of the IRS to levy upon his property to collect a tax assessment. McCarty v. United States, 929 F.2d 1085, 1088 (5th Cir.1991); see also New Hampshire Fire Ins. Co. v. Scanlon, 362 U.S. 404, 408-10 (1960) ("history of § 2463 plainly indicates a congressional purpose to protect that property in the revenue officer's custody and not to transfer that custody either actually or fictionally into the custody of the federal courts").
 
 
 4
 Angel also failed to establish a waiver of sovereign immunity under § 2410. Although § 2410 provides a limited waiver of sovereign immunity for the purpose of joining the United States as a party to a quiet title action, Elias v. Connett, 908 F.2d 521 (9th Cir.1990), it may not be used to collaterally attack the merits of an assessment. Aqua Bar and Lounge v. U.S. Dept. of Treasury, 539 F.2d 935, 938 (3rd Cir.1976); see also Falik v. United States, 343 F.2d 38 (2d Cir.1965) (Friendly, J.). Taxpayers may use § 2410 only to challenge the procedural regularity of a federal tax lien. Pollack v. United States, 819 F.2d 144, 145 (6th Cir.1987).
 
 
 5
 Angel insists that he is not attacking the underlying merits of the assessment, but his allegation that the IRS erroneously assessed his taxes plays a central role in his complaint. Section 2410 does not apply to challenges of procedural irregularities in assessment of taxes. Schmidt v. King, 913 F.2d 837, 839 (10th Cir.1990). Angel seems to be arguing that the IRS was incorrect in its assessment of Angel's taxes because Angel should not have owed any taxes. In his complaint he alleged that the IRS violated his "constitutional rights to freedom of choice and religious beliefs" by assessing his taxes. He complained that the IRS "continually refused to acknowledge Mr. Angel as anything other than a 'taxpayer' ". He also claimed that he qualified for an exemption from social security, but he did not file his application for exemption until after his taxes had been assessed for the previous years. To the extent he contested his underlying tax liability, Angel was barred by sovereign immunity.
 
 
 6
 Angel argues on appeal that he contested the procedural validity of the lien. To the extent his complaint attacks the procedural validity of the tax lien because the IRS failed to provide a Form 23(c), the complaint fails. A Form 23(c) is not the only method by which the government can establish tax liability. United States v. Sato, U.S. Tax Cas. (CCH) para. 50,278, at 83,981 (N.D.Ill.1990) (citing United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.) cert. denied, 493 U.S. 975 (1989)). Other documents, such as the Certificate of Assessments and Payments, which contain the necessary information found in a Form 23(c) may also serve to prove the validity of a tax assessment. Id; see also United States v. Miller, 318 F.2d 637 (7th Cir.1963).
 
 
 7
 Angel's real contention, that he should not have had to pay any taxes, was not within the jurisdiction of the district court. To the extent that Angel challenged the procedures relating to the attachment of a lien, he failed to state a claim. We AFFIRM.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs