UNITED STATES of America, Plaintiff,

v.

**INDIANAPOLIS BAPTIST TEMPLE, Gregory Jerome Dixon, and NBD Bank, Inc., Defendants.**

No. IP 98–0498–C–B/S.

United States District Court, S.D. Indiana, Indianapolis Division.

June 29, 1999.

Harold Bickham, Asst. U.S. Attorney, Indianapolis, IN, Douglas Snoeyenbos, Trial Attorney, Tax Division, United States Department of Justice, Washington, DC, for plaintiff.

Albert F. Cunningham, Redding, CA, Gregory J Dixon, Indianapolis, IN, Robert E. Johnson, Kreig Devault Alexander & Capehart, Indianapolis, IN, Steven L. Yount, Indianapolis, IN, for defendant.

### ENTRY GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BARKER, Chief Judge.

Plaintiff United States of America (United States) brings this action against Defendant Indianapolis Baptist Temple (IBT) to reduce federal tax assessments to judgment and to foreclose tax liens.[1] In a January 19, 1999 Entry, we denied Defendant's motion for summary judgment, holding that the First Amendment to the United States Constitution does not bar the application of federal tax laws to Defendant. In the same Entry, we reserved a ruling on Plaintiff's motion for summary judgment in order to allow the parties to submit supplemental briefs regarding whether the tax assessments at issue were actually made against Defendant. We have since received and reviewed the parties' supplemental submissions. For the reasons discussed below and in our January 19, 1999 Entry, we must *grant* Plaintiff's motion for summary judgment.

---

**1.** This Entry does not address Plaintiff's claims against Defendants Gregory Jerome Dixon and NBD Bank, Inc.

## I. Background

In March 1950, the independent Baptist church known as "Indianapolis Baptist Temple" was founded. The church began operating at 2711 South East Street, in Indianapolis, Indiana, and has been at that location ever since. Over the years, the church has used various entities to manage its affairs. Until May 22, 1983, a not-for-profit corporation named "Indianapolis Baptist Temple, Inc." (hereinafter, "the corporation") managed the church's affairs and ministries. (Defendant's Exhibit B at 8). The corporation obtained federal Employer Identification Number 35–1037016, withheld employment taxes from the wages of its workers, filed employment tax returns, and paid employment taxes to the federal government. (Defendant's Exhibit A at 3; Defendant's Exhibit B at 8).

In 1983, the church membership decided to manage the church's affairs as an unincorporated religious society, rather than as a corporation. As part of the transition, the corporation's assets were transferred to the unincorporated religious society and the articles of incorporation were amended to limit the corporation's purpose to "continu[ing] any litigation in which the corporation may have been involved prior to 6–26–83 and any future litigation and to continue such financial obligations and legal responsibilities as have not been assumed by Indianapolis Baptist Church, an unincorporated Church." (Exhibit 2 to Dixon Dec.). The next year, the articles of incorporation were again amended to change the name of the corporation from Indianapolis Baptist Temple, Inc. to "Not a Church, Inc." Two years later, on July 31, 1989, Not a Church, Inc. was administratively dissolved by Indiana's Secretary of State.

Meanwhile, in May of 1987, Indianapolis Baptist Temple, the unincorporated religious society (hereinafter, "the society"), transferred all of its assets to Gregory

Jerome Dixon, the church's pastor, as trustee.[2] After February 15, 1994, the society held title to real property located in Indianapolis, Indiana and known as 2711 South East Street and 339 West Cragmont Drive. (Government's Exhibits C, D). The society never obtained a federal Employer Identification Number.

On January 13, 1994, the Internal Revenue Service (IRS) sent a letter addressed to "Indianapolis Baptist Temple" at 2711 S. East St., Indianapolis, Indiana. (Exhibit E, attached to Declaration of Douglas Snoeyenbos). That letter stated that (1) the IRS had found no record that the Indianapolis Baptist Temple had filed Form 941 quarterly employment tax returns for the periods 1987 through 1993, (2) enclosed 941 Forms prepared by the IRS for each of those periods, and (3) asked that the taxpayer sign the forms and send them back if the taxpayer agreed that the amounts on those returns were accurate. The amounts of wages and taxes shown on the 941 Forms were based on documents labeled as "cash statements" for "Baptist Temple" for the years 1987 through 1992. (Plaintiff's Exhibit A, attached to Declaration of Keith Clayton). The January 13, 1994 letter was returned to the IRS marked "Return improper venue—federal Regional venue denied." (Defendant's Exhibit A, Appendix H).

On February 15, 1994, the IRS made an assessment of tax, interest, and penalties totaling $3,498,355.62 against "Indianapolis Baptist Temple" for unpaid social security and federal income tax withholding, including interest, delinquency penalties, failure to deposit penalties, and failure to pay penalties for the years spanning 1987 through 1992. The IRS identified the assessed entity with federal employer identification number 35–1037016. Despite notice and demand, Defendant IBT has not paid the social security and income tax withholding liabilities at issue. Together

with interest and other statutory additions that have accrued, there remains due and owing to the United States with respect thereto, the sum of $5,319,750.27, plus interest and other additions pursuant to law accruing after July 26, 1998. (Keith Clayton Declaration). The United States now seeks payment of the outstanding debt from Indianapolis Baptist Temple, the unincorporated religious society.

## II. *Discussion*

The sole issue before us is whether the tax assessment relied upon by the United States was, in fact, made against Defendant. The United States acknowledges that the Employer Identification Number used to identify the assessed entity on the tax forms incorrectly identified Indianapolis Baptist Temple, Inc. ("the corporation") as the assessed entity, rather than Defendant IBT ("the society"). The United States nevertheless contends that (1) there is no requirement that an identifying number be used in making an assessment, (2) the use of an incorrect identifying number does not invalidate an assessment, and (3) the records supporting the assessment in this case demonstrate that it was made against Defendant, not the defunct corporation.

■ Defendant, in response, does not directly refute any of Plaintiff's contentions. Nor does it claim to have paid any federal taxes during the time period at issue (1987–1992). Rather, Defendant simply reiterates its previously advanced contention that IBT is a form of entity called a New Testament Church, which is not subject to federal tax laws. We flatly rejected this argument in our January 19, 1999 Entry as failing to recognize the legal nature of Defendant, which is that of an unincorporated association. (Court's January 19, 1999 Entry at page 10 n. 8; *see also Hanson v. St. Luke's United Methodist Church*, 704 N.E.2d 1020, 1022 n. 5 at issue.

---

**2.** Dixon is a co-defendant in this action, but is not a party to the summary judgment motion

(Ind.1998)). While Defendant, of course, has the right to be a New Testament Church, it does not have the right to foreclose the government from taxing it.

After filing its Response to Plaintiff's supplemental brief, Defendant requested, and received, permission from this Court to file an additional brief. Unfortunately, Defendant's "additional brief" also fails to address the heart of the matter—whether the assessment was made against Defendant notwithstanding the presence of the corporation's identification number. Instead, Defendant simply points out that it notified the IRS in the Spring of 1994 (post-assessment) that the employer identification number used in the assessment belonged to the corporation.

█ Defendant fails to explain the relevance of such notification. Defendant is not relieved of its tax liabilities simply because the IRS mistakenly used the corporation's identification number on Defendant's tax assessment.[3] The record clearly establishes that, despite that error, the assessment at issue was against Defendant and Defendant knew it. No showing has been made that Defendant has been prejudiced in any way by the IRS's use of the corporation's identification number. The relevant IRS inquiries and notices were sent to "the Indianapolis Baptist Temple" at 2711 South East Street, Indianapolis, Indiana. That is Defendant's address and the same name and address on the tax assessment at issue. In addition, Gregory Dixon, the pastor of IBT, had ongoing correspondence with the IRS, which reflects his understanding that the assessment was made against Defendant. Moreover, there is no evidence that the presence of the identification number caused any serious confusion about who was being assessed. The corporation had been dissolved for years and the tax assessments clearly reflect liabilities arising out of Defendant's operations.

Our conclusion is consistent with the Eastern District of California's decision in *Moore v. United States*, No. S–92–1065, 1993 WL 414711 (E.D.Cal.1993). In that case, Richard A. Moore, Sr. argued that the tax assessment on which the United States relied for its claim against him was invalid because he was improperly identified. The IRS form used to request the assessment was in the name "Richard A. Moore," (no Sr. or Jr.), and used the social security number of the defendant's son. The court rejected Moore's argument, holding that because the taxpayer was properly identified by name and address, the fact of the incorrect social security number was insignificant.

Defendant apparently believes it can evade federal tax law by metamorphosing into various different forms of entity. On this, it is sadly mistaken. Although Defendant's tactics may have resulted in enough confusion to cause the IRS to use an incorrect employer identification number in assessing its tax liabilities, such tactics do not save Defendant from the harsh ramifications it now faces as a result of years of tax evasion. The record is clear that Defendant has failed to pay its tax liabilities and owes the United States $5,319,750.27 plus interest and other additions pursuant to law accruing after July 27, 1998. Accordingly, we *grant* Plaintiff's motion for summary judgment.

Plaintiff also requests that we foreclose on its tax liens against Defendant's property. It is undisputed that Defendant owns the real property at 2711 South East Street and at 339 West Cragmont Drive, both in Indianapolis, Indiana, and that Plaintiff has liens on those properties based on Defendant's outstanding tax liabilities. The government is entitled to take the necessary and appropriate steps to collect on its judgment. Consistent with our summary judgment ruling, Plaintiff

---

**3.** Although supporting records must provide identification of the taxpayer, there is no requirement that an identifying number must be used as part of that identification. *See* 26 U.S.C. § 6203; 26 C.F.R. § 301.6203–1.

may foreclose on those properties, pursuant to 26 U.S.C. § 7403. Per Plaintiff's request, however, we delay entering an Order of Foreclosure to allow the government to tender a proposed Order.

### III. *Conclusion*

For the reasons outlined in this Entry and incorporating as well our January 19, 1999 Entry, Plaintiff's motion for summary judgment is *granted* because (1) the assessment at issue was unmistakably asserted against Defendant, despite the erroneous use of another entity's employer identification number; and (2) the First Amendment does not immunize Defendant from the obligations imposed upon it by federal tax laws.