Marvin L. BARMES and Barbara J. Barmes, Plaintiffs/Counterclaim Defendants,

v.

INTERNAL REVENUE SERVICE, United States of America, Defendant/Counterclaim Plaintiff/Third-Party Plaintiff,

v.

Sandbar Real Estate Trust, Sandbar Wholesale Trust, established under instruments dated 10/12/95, as alter egos, nominees and/or transferees of Marvin L. Barmes and Barbara J. Barmes; and James Rabold, Kim Hall Barmes, and Susan Thomas Barmes, co-trustees of the Sandbar Real Estate Trust and the Sandbar Wholesale Trust, as nominees, agents, constructive trustees, and/or transferees of Marvin L. Barmes and Barbara J. Barmes, Third-Party Defendants.

No. TH 97-287-C-T/F.

United States District Court,
S.D. Indiana,
Terre Haute Division.

March 8, 2000.

Marvin L. Barmes, Barbara J. Barmes, Vincennes, IN, for Plaintiffs.

Gerald A. Coraz, Indianapolis, IN.

William M. Kostak, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

TINDER, District Judge.

Who really owns and operates "Barbara's Gift Shop"? That question is at the heart of this tax dispute, and the matter is now before the court upon cross-motions for summary judgment. The plaintiffs, Marvin Barmes and Barbara Barmes, filed their motion for summary judgment on March 4, 1998. The defendant, the United States of America, filed its motion for summary judgment on October 19, 1998.

## I. BACKGROUND

The business commonly known as "Barbara's Gift Shop" began its operations in 1972 in Vincennes, Indiana. Over the years, the business ran a gift shop, manufactured novelty items like pipes and clocks, and conducted sales through mail order catalogues. Though jointly owned by the plaintiffs-Marvin Barmes and his wife, Barbara—the business was far from the "mom and pop" operation its name suggests, employing around 80 people. Employers like Barbara's Gift Shop are required to withhold federal taxes from employee wages. See 26 U.S.C. §§ 3102(a), 3402(a). When they do so, they hold the money in trust for the United States and must pay over the money by filing employee withholding tax returns on a quarterly basis. See 26 U.S.C. § 7501(a). The IRS keeps track of such employers by assigning each an Employer Identification Number ("EIN"). The IRS assigned EIN 35–1305131 to Barbara's Gift Shop.

At first, income tax returns and IRS records indicated that Barbara's Gift Shop was run by Marvin Barmes as a sole proprietorship. But in 1984 and 1985, Mr. and Ms. Barmes filed income tax returns as a partnership on Form 1065, U.S. Partnership Return of Income, again identifying the business with EIN 35–1305131. After 1985, Mr. and Ms. Barmes filed a joint income tax return on Form 1040 with a Schedule C, Profit (or Loss) From Business or Profession. While the Barmeses' income tax returns indicated that the business was a sole proprietorship after 1985, the business continued to file quarterly employee withholding returns with the same EIN. Since 1984, IRS records have indicated that EIN 35–1305131 was assigned to "Marvin L and Barbara J Barmes PTR."

On October 12, 1995, ownership of the business was transferred to an entity called "Sandbar Wholesale Trust" and employees of Barbara's Gift Shop were ostensibly discharged. In 1996, Barbara's Gift Shop continued its operations under the ownership of the trust, though its workers were purportedly "independent contractors" rather than employees. By letter dated May 24, 1996, the IRS informed the Barmeses that "[b]ased upon your information we agree that you are no longer required to file" quarterly tax returns for employee withholding. Accordingly, the business did not timely file its quarterly withholding returns in 1996.

Meanwhile, the IRS was in the midst of a covert, informal investigation to determine whether the business still retained employees for withholding purposes. On December 9, 1996, the IRS sent notices of deficiency to the business for the first two withholding quarters of 1996. The plaintiffs responded on December 12, 1996, by co-signing a letter stating that "[f]or the entire year 1996 I have not been an employer and have no employees." That same day, the Barmeses also submitted employer's withholding federal tax returns for the quarterly periods of March 31 and June 30, 1996. Both returns showed no money due because of the Barmeses' position that the business had no employees. The returns also had a box checked indicating that withholding returns did not need to be filed in the future. The business was identified on the returns with the same EIN; the name of the business was listed as "Marvin L and Barbara J Barmes PTR."

The IRS usually evaluates a tax return after it is received. If the return is deemed satisfactory, the IRS enters an assessment for the amount of tax that the taxpayer has calculated as owing. If the IRS disagrees, it can enter a different assessment—but only after it sends a notice of deficiency to the taxpayer and affords him/her the opportunity to challenge its findings in Tax Court. Once it makes an assessment, the IRS generally has 60 days to issue a notice and demand for payment to the taxpayer, and ten years to collect the assessed amount. 26 U.S.C. §§ 6303, 6502(a)(1). Refusal to pay the tax upon demand results in a lien in favor of the United States "upon all property and rights to property, whether real or personal," that the taxpayer owns. 26 U.S.C. § 6321. Such a lien is commonly called a "secret lien" because it is unknown by anyone except the IRS and the taxpayer. Collection of the tax may then be made through administrative (e.g., levies) or judicial (e.g., suits to foreclose liens and reduce assessments to judgment) procedures. See 26 U.S.C. §§ 6326, 7403.

In this case, the IRS disagreed with the plaintiffs' returns and sent a proposed assessment on February 21, 1997, against Barbara's Gift Shop for the first two quarters of 1996. On March 1, 1997, the plaintiffs both signed and sent a letter repeating that they had no employees and therefore had not withheld any money. Next, the IRS sent a series of assessment notices for each of the four 1996 quarterly tax periods, and for the Form 940 taxes for 1996. Form 940 is the employer's annual federal unemployment tax return. These notices were addressed to:

MARVIN L & BARBARA J BARMES PTR
BARBARAS GIFT SHOP
120 MAIN ST
VINCENNES IN 47591–1234202

The IRS later sent final pre-levy notices to the business for these periods as well, which were also addressed like the assessment notices above. The IRS then filed notices of a federal tax lien with the County Recorder, Knox County, Indiana. The first tax lien notice was purportedly against "Martin L & Barbara J Barmes PTR, a Partnership," while the second listed the taxpayer as "Sandbar Real Estate Trust" as agent or alter ego of Marvin and/or Barbara Barmes.

On May 16, 1997, Mr. and Ms. Barmes filed an administrative claim for a refund from the four quarterly withholding periods of 1996 and from Form 940 taxes for 1996. In that claim, the plaintiffs asserted that Barbara's Gift Shop was not a withholding agent after its employees were discharged. The plaintiffs also submitted a money order for $400, which represented a partial payment under protest of the entire amount assessed. See Flora v. U.S., 362 U.S. 145, 162, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). By letter dated July 21, 1997, the IRS responded to the claim by saying it would contact the plaintiffs within 30 days. The IRS did not contact the plaintiffs again regarding their claim. In October 1997, the plaintiffs filed a supplement to their original claim, this time informing the IRS that it had wrongfully assessed taxes against a defunct partnership.

On July 17, 1997, the IRS issued a proposed assessment against the partnership for the first two quarterly withholding tax periods of 1997. Thereafter, the plaintiffs filed another administrative claim for a refund, tendered another $400 check, and directed that the amount be applied equally over the two quarterly periods. The plaintiffs asserted in the claim that they were entitled to a refund of $400 because the partnership was terminated and had no employees. The IRS denied the plaintiffs' claim. But on November 17, 1997, the IRS notified the Barmeses that—for reasons which remain mysterious-it had adjusted their account for the tax period March 31, 1997, to reflect no money due. The IRS further explained that it considered the second payment of $400 to be an overpayment that the IRS had applied to the Barmeses' tax debt from the assess-

ment for March 31, 1996. Curious about the apparent abatement of the March 31, 1997 quarterly tax debt, the plaintiffs sent the IRS a letter explaining that the $400 payment was submitted under protest and that their administrative claim expressly directed the funds to be applied in equal amounts to each quarter at issue, March 31, 1997 and June 30, 1997. The IRS did not respond to that letter.

On November 2, 1997, the plaintiffs filed this action seeking: 1) a declaratory judgment that the liens stemming from the 1996 assessments are invalid; and 2) a refund for both $400 payments. The United States filed its counterclaims on January 26, 1998, seeking a judgment in the amount of the two unpaid assessments: 1) the first and second quarters of 1996 (totaling $255,936.64); and 2) the third and fourth quarters of 1996, plus federal unemployment taxes (totaling $341,083.63).[1] Before the court are the plaintiffs' motion for summary judgment as to all pending claims and the government's cross-motion for summary judgment on the issue of the procedural correctness of the tax assessments.

## II. ANALYSIS

A grant of summary judgment is appropriate when the pleadings and other submissions to the court "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R.CIV.P. 56(c). To determine whether a genuine issue of material fact exists, a court must construe the facts in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). But neither

"the mere existence of some alleged factual dispute between the parties," Anderson, 477 U.S. at 247, 106 S.Ct. 2505, nor the existence of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), is sufficient to defeat a motion for summary judgment. Instead, a genuine issue of fact "exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." Pipitone v. U.S., 180 F.3d 859, 861 (7th Cir.1999). When the parties submit cross-motions for summary judgment, the court is not required to grant judgment as a matter of law for one side or the other. Heublein, Inc. v. U.S., 996 F.2d 1455, 1461 (2nd Cir.1993). Instead, the court must evaluate each party's motion on its own merits, resolving factual uncertainties and drawing all reasonable inferences against the party whose motion is under consideration. Id.; Buttitta v. City of Chicago, 803 F.Supp. 213, 217 (N.D.Ill.1992), aff'd, 9 F.3d 1198 (7th Cir.1993).

The Barmeses seek a refund and to nullify tax liens. Both claims concern the procedural correctness of the two tax assessments, because a proper assessment of tax debt is a sine qua non of a tax lien's validity. See Johnson v. U.S., By and Through Dept. of Treasury IRS, 123 F.3d 700, 702 (2nd Cir.1997). The plaintiffs contend that the assessments are invalid because they have been assessed against a nonexistent partnership.[2] The government maintains that a partnership did exist and, in the alternative, that the assessments are procedurally valid against the business regardless of whether it was operated as a partnership. Below, the court considers first the legitimacy of the assessments and then the legality of the liens.

---

1. The government has also filed some third-party claims against the trust and its four principals, who are Marvin and Barbara Barmes' children. The viability of the third-party claims are not before the court at this time.

2. Partnerships are employers for the purposes of the provisions which require employers to collect and withhold income, social security and Federal Insurance Contribution Act benefits. 26 C.F.R. § 31.3401(d)–1(c). As an employer, a partnership is liable for collection and payment of federal employment taxes. See 26 C.F.R. § 31.3403–1.

## A. The Validity of the Assessments

■ Tax assessments "shall be made by recording the liability of the taxpayer in the office of the Secretary [of the Treasury] in accordance with rules or regulations prescribed by the Secretary." 26 U.S.C.A. § 6203. Treasury regulations provide that assessments must be made by providing the "identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment...." 26 C.F.R. § 301.6203–1. The assessments at issue identified the taxpayer as:

MARVIN L & BARBARA J BARMES PTR

BARBARAS GIFT SHOP

120  MAIN ST

VINCENNES IN 47591–1234202

According to the plaintiffs, that moniker is wrong: only Marvin Barmes ran the business, business accounts were in Marvin's name alone, and the Barmeses did not subjectively intend to have a partnership. The plaintiffs contend that the entity liable for the taxes was therefore incorrectly denominated on the assessments. How, the Barmeses ask, can taxes be assessed against a partnership that does not exist?

Although case law in the area is scarce, this court (through Chief Judge Sarah Evans Barker) considered a similar issue last year in *U.S. v. Indianapolis Baptist Temple,* 61 F.Supp.2d 836 (S.D.Ind.1999). In *Baptist Temple,* the court affirmed the validity of employee withholding tax assessments against an unincorporated religious society even though the EIN listed on the assessment erroneously identified a defunct corporation. In so doing, the court noted that: 1) the relevant IRS inquiries and notices were sent to the correct address; 2) the taxpayer had ongoing correspondence with the IRS; 3) the incorrect identification number did not cause any confusion about what entity was actually being assessed; and 4) the corporation had been dissolved for years and the tax assessments clearly reflected liabilities arising out of the taxpayer's operations. *Id.* at 839. The court concluded that "the

assessment at issue was against [the taxpayer] and [the taxpayer] knew it." *Id.*

Likewise, the notices of assessment in this case were sent to the correct address regardless of whether Barbara's Gift Shop was operated as a sole proprietorship or a partnership. Further, Mr. and Ms. Barmes frequently corresponded with the IRS, indicating that they were aware of the potential tax liability facing the business. Moreover, the plaintiffs have not pointed to any confusion arising from the fact that the assessments named "Marvin L and Barbara J Barmes PTR"; the tax assessments clearly reflect liabilities arising out of the operation of Barbara's Gift Shop. *See Moore v. U.S.,* 1993 WL 414711 (E.D.Cal.1993) (finding assessment valid despite its use of incorrect taxpayer social security number where taxpayer was properly identified by name and address). If the Barmeses had considered the partnership defunct for years, they surely must have realized that the business was responsible for withholding taxes as a sole proprietorship. The record conclusively establishes that the assessments were against Barbara's Gift Shop, and its owners knew it.

■ Indeed, the business with the trade name "Barbara's Gift Shop" used EIN 35–1305131 and listed itself as being owned by "Marvin L & Barbara J Barmes PTR" on its 1996 quarterly withholding tax returns. The IRS assessments simply used the same information that the taxpayer had supplied on those returns. In making assessments, the IRS should be entitled to rely upon the information that the taxpayer supplies in its return. The Barmeses' position would require the IRS to divine the correct legal status of the taxpayer—from an investigation of the business' accounts and a journey through the cerebra of its owners—before making a tax assessment. That position is untenable. The taxes were correctly assessed against the employer who had been assigned EIN 35–1305131, and who was required to file quarterly withholding trust fund tax re-

turns. The assessment is valid whether the business was actually run as a partnership or a sole proprietorship.

█ This would be the end of the court's inquiry if the Barmeses had only sued for a refund. But the plaintiffs also challenge the validity of the *liens* insofar as those liens might subject Mr. and Ms. Barmes to individual liability. The court therefore considers that issue below.[3]

## B. The Validity of the Liens

Even if the assessments were valid, the parties agree that the liens themselves are not valid against both Mr. and Ms. Barmes individually unless they are both responsible for the tax as general partners of a partnership. If Mr. and Ms. Barmes were partners when the liens issued, they are each individually liable. The court must therefore consider each spouse's liability.

### 1. Barbara Barmes

█ A partnership is "an association of two or more persons to carry on as co-owners a business for profit," I.C. § 23–4–1–6(1), and the question of its existence is generally one of fact. *See Soley v. Van-Keppel*, 656 N.E.2d 508, 513 (Ind.Ct.App. 1995). A partnership requires: 1) a contract for the purpose of sharing profits and losses that arise in a common enterprise; and 2) an intention to form a partnership. *Watson v. Watson*, 231 Ind. 385, 108 N.E.2d 893, 895 (1952). The intent required is merely the intent to do those things that constitute a partnership; such

parties will be partners notwithstanding the label of their venture or their desire to avoid the liability attaching to partners. *See Weinig v. Weinig*, 674 N.E.2d 991, 994 (Ind.Ct.App.1996). But with respect to a husband and wife, co-ownership of property and the sharing of business profits do not demonstrate a partnership because those arrangements are common in marriages. *See Bradford v. Bentonville Farm Supply, Inc.*, 510 N.E.2d 745, 747 (Ind.Ct. App.1987). Thus, additional facts are necessary to establish a partnership between spouses. *Johnson v. Wiley*, 613 N.E.2d 446, 451 (Ind.Ct.App.1993).

█ In support of their motion for summary judgment, the Barmeses have submitted a sworn declaration that they never intended to be partners or held themselves out as partners to other parties; that any bank financing was obtained solely in Marvin's name; and that business checking accounts have never been held as partnership accounts. The Barmeses also point out that their income tax returns have reported the business to be a sole proprietorship since 1986. The IRS relies upon the fact that the Barmeses filed joint income tax returns listing them as "co-owners" of the business and that the business' quarterly withholding returns identified the taxpayer with the EIN that identified "Marvin L and Barbara J Barmes PTR."

Neither the fact that IRS records continued to list the entity as a partnership, nor the fact that the Barmeses continued to file quarterly withholding returns using

---

**3.** The doctrine of sovereign immunity prohibits this court from hearing suits against the United States unless immunity is waived by an act of Congress where the court's jurisdiction is "unequivocally expressed" in the statutory text. *See U.S. v. Idaho, ex rel. Director, Idaho Dept. of Water Resources*, 508 U.S. 1, 6, 113 S.Ct. 1893, 123 L.Ed.2d 563 (1993). In the plaintiffs' complaint, only 26 U.S.C. § 7422(a) is cited as waiving the government's sovereign immunity. But 26 U.S.C. § 7422(a) only waives the government's immunity in suits for tax refunds, not declaratory judgment actions. There is a further jurisdictional hurdle: the Declaratory Judgment Act generally prohibits declaratory relief with

respect to federal tax matters. *See* 28 U.S.C. § 2201. One exception to that principle is where a litigant seeks to quiet title to "real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. Although section 2410 does not allow taxpayers to dispute the accuracy or validity of tax assessments, the statute does provide a jurisdictional basis to challenge the procedural regularity of federal tax liens using a declaratory judgment. *See Angel v. U.S.*, 1992 WL 367667*1 (7th Cir.1992) (citing cases). Accordingly, this court has subject matter jurisdiction over the plaintiffs' declaratory judgment claim.

the same EIN, is probative of whether there was a partnership in fact. Barbara's Gift Shop would have had to pay employee withholding taxes irrespective of whether the business was run as a sole proprietorship or a partnership. It appears that therefore neither party paid very much attention to whether the label identifying the business was correct—the business simply used the EIN it had been assigned. Further, the fact that spouses co-owned a business or shared its profits does not create a partnership. *Johnson,* 613 N.E.2d at 446. The IRS has failed to submit evidence suggesting that Ms. Barmes actually helped run the business; that she is her husband's wife is not enough. *Id.* Because the business was a sole proprietorship run by Marvin Barmes in 1996 and 1997,[4] the liens are not valid against Ms. Barmes.

## 2. Marvin Barmes

■ What remains is the question of whether the liens are valid against Mr. Barmes individually as sole proprietor of Barbara's Gift Shop. After the IRS makes an assessment, it must issue a notice and demand for payment to the taxpayer within 60 days. 26 U.S.C. § 6303. If the IRS does so, the failure to pay results in a secret lien in favor of the government. 26 U.S.C. § 6321. Mr. Barmes argues that he did not receive proper notice because the notice issued by the IRS was to the partnership rather than to him personally.

Section 6303 requires that the IRS provide notice to every person liable for the unpaid tax by stating the amount due and demanding payment of that amount. "Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address." 26 U.S.C. § 6303. The IRS sent notices to:

MARVIN L & BARBARA J BARMES PTR
BARBARAS GIFT SHOP
120 MAIN ST
VINCENNES IN 47591-1234202

Those notices contained Mr. Barmes' name, stated the amount of tax owing, and reached Mr. Barmes at the address of his business. Therefore, the formal requirements of the statute have been met. To be sure, Mr. Barmes had actual notice of the assessment. Further, he would have been responsible for the debt whether as a general partner or as a sole proprietor, so it is difficult to see how the IRS's erroneous assumption that the business was run as a partnership could have affected whether Mr. Barmes had proper notice. Indeed, Mr. Barmes filed a claim for a refund following receipt of the notices, first contending that the business did not have any employees and later adding the argument that the assessment had been made against a nonexistent partnership. Since Mr. Barmes received proper notice of a legal assessment, the liens are likewise valid against him.

4. The IRS also argues that Mr. and Ms. Barmes may be jointly liable for the lien under the doctrine of partnership by estoppel since they filed income tax returns identifying Barbara's Gift Shop as a partnership in 1984 and 1985, as well as quarterly withholding returns suggesting that Ms. Barmes was a partner. Indiana's adopted version of the Uniform Partnership Act reads in pertinent part:

Partner by estoppel.—(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him or any one, as a partner in an existing partnership or with one (1) or more persons not actual partners, he is liable to any such person to whom such

representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made.

IC § 23-4-1-16. The IRS plainly has not extended any credit to the plaintiffs due to any representation that the Barmeses were partners. Therefore, the doctrine of partnership by estoppel does not apply.

## III. CONCLUSION

For the reasons set for above, the plaintiffs' motion for summary judgment is hereby **GRANTED** in favor of Barbara Barmes but **DENIED** with respect to Marvin Barmes. The United States' motion for summary judgment on the issue of the procedural correctness of the tax assessments is hereby **GRANTED**.

Pursuant to Federal Rule of Civil Procedure 54(b), this is not a final judgment.

**SO ORDERED** this 8th day of March, 2000.